STATE OF NEBRASKA, APPELLEE, v. HAROLD W. RAPP, APPELLANT.

**165 N. W. 2d 715**

Filed March 7, 1969. No. 37101.

Joseph P. Caniglia and Harold Rapp, for appellant.

Clarence A. H. Meyer, Attorney General, and Chauncey C. Sheldon, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

CARTER, J.

Defendant was convicted in the district court for Douglas County of the crime of burglary. He was sentenced to imprisonment for a term of 10 years and he appeals to this court from the sentence imposed.

On July 22, 1968, defendant entered a plea of guilty to the charge of burglary. The trial court delayed sentencing until a presentence investigation could be made. On August 2, 1968, defendant appeared in the district court for sentencing, accompanied by legal counsel.

Defendant at the time of sentencing was a single man 40 years of age. He quit school at the age of 15 years

and joined the Navy. After reenlisting in the Navy, he went AWOL and served a 1-year sentence at Mare Island as the result of a court-martial. The latter part of 1949 he received a bad conduct discharge from the Navy. Since this date, he has been convicted of grand larceny in Colorado and sentenced to 1 to 5 years; in Texas he was convicted of petit larceny and sentenced to serve 30 days in jail and pay a fine of $75; in Iowa, he was convicted of breaking and entering and sentenced to 10 years; in Kentucky, he was convicted of grand larceny and sentenced to serve 18 months; in Kentucky, he was convicted of violating the Dyer Act and sentenced to 18 months; in Louisiana, he was convicted of vagrancy and served 10 days in jail; in Kansas, he was convicted of grand larceny and sentenced to 1 to 5 years; in Kansas, he was convicted of escaping custody and was sentenced to 1 to 5 years; all in addition to other arrests for similar crimes, the disposition of which are not shown in the presentencing report.

It is not contended that defendant was not fully advised of his rights at all critical stages of the case and the possible effect of his plea of guilty. Prior to sentencing, the trial court disclosed information that had come to it to the effect that defendant attempted to escape from the county jail after his plea of guilty and before the pronouncement of sentence. The defendant contends that he has a right to refute or explain the incident. The case is controlled by State v. Rose, 183 Neb. 809, 164 N. W. 2d 646. In that case we said: "It is a long accepted practice in this state that before sentencing a defendant after conviction a trial judge has a broad discretion in the source and type of evidence he may use to assist him in determining the kind and extent of punishment to be imposed within the limits fixed by statute. Highly relevant, if not essential, to his determination of an appropriate sentence is the gaining of knowledge concerning defendant's life, character, and previous conduct. In gaining this information,

the trial court may consider reports of probation officers, police reports, affidavits, and other information including his own observations of the defendant. A presentence investigation has nothing to do with the issue of guilt. The rules governing due process with respect to the admissibility of evidence are not the same in a presentence hearing as in a trial in which guilt or innocence is the issue. The latitude allowed a sentencing judge at a presentence hearing to determine the nature and length of punishment, other than in recidivist cases, is almost without limitation as long as it is relevant to the issue."

While we think it is immaterial here, it is noteworthy that defendant does not even contend in his briefs that the statement of the trial judge as to an attempted escape is false. It must be assumed, we think, that a trial judge knows the difference between information that is pertinent to the issue before him and that which is unfounded rumor. The law invests a trial judge with a wide discretion as to the sources and types of information used to assist him in determining the sentence to be imposed within statutory limits. The record is free of prejudicial error.

AFFIRMED.