STATE OF NEBRASKA, APPELLEE, v. HAROLD WELLINGTON RAPP, APPELLANT.

186 N. W. 2d 482

Filed April 30, 1971. No. 37804.

Harold Wellington Rapp pro se.

Clarence A. H. Meyer, Attorney General, and Harold Mosher, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

NEWTON, J.

Defendant, pursuant to a plea of guilty, was convicted of the offense of burglary. See State v. Rapp, 184 Neb. 156, 165 N. W. 2d 715. This is the second of two post conviction proceedings brought by defendant. At the time of his conviction, he was represented by counsel. It is now his contention that plea bargaining was entered into, that he was thereby assured of a lesser sentence than the one received, and that his counsel was ineffective. We affirm the judgment of the district court dismissing defendant's motion.

The record discloses that defendant had been previously convicted of felonies on five occasions. At the time of his arraignment, he assured the court that there had not been any plea bargaining and that he had been effectively represented by counsel. He was informed by the court that in the event there had been any plea bargaining, the court was not a party to it and it would not be binding on the court. This he stated he understood. It is evident that defendant was not deceived in any manner, was ably represented, and that his constitutional rights were not infringed upon. "In a post conviction proceeding, petitioner has the burden of establishing a basis for relief." State v. Raue, 182 Neb. 735, 157 N. W. 2d 380.

The judgment of the district court is affirmed.

AFFIRMED.