**Harold W. RAPP, Appellant,**

v.

**Charles L. WOLFF, Jr., Appellee.**

**No. 73–1708.**

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 14, 1973.

Decided Jan. 2, 1974.

Harold Wellington Rapp, filed brief pro se.

Clarence A. H. Meyer, Atty. Gen., and C. C. Sheldon, Asst. Atty. Gen., Lincoln, Neb., for appellee.

Before BRIGHT and STEPHENSON, Circuit Judges, and STUART, District Judge.*

PER CURIAM.

Appellant Harold W. Rapp has appealed the dismissal of a petition for writ of habeas corpus. The order dismissing his petition was entered by the Honorable Warren K. Urbom following an evidentiary hearing on the merits of appellant's claim.

The substance of appellant's claim is that a plea bargain entered into by his attorney and the prosecuting attorney in relation to a charge of burglary in Douglas County, Nebraska, was not kept by the prosecuting attorney's office after appellant pleaded guilty and that the United States District Court erred in not so finding and thus dismissing his petition. In addition, appellant assigns error to the failure of the District Court to find that he was represented by incompetent counsel at the time of his sentencing.

We reject those contentions.

The Court has carefully reviewed the record as before it. This includes a transcript of the hearing conducted by Judge Urbom, in compliance with Santobello v. New York (1971), 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427, which contains portions of the transcript from appellant's sentencing in the Douglas County District Court.

From that record it is quite evident to the Court that the prosecuting attorney both indicated his understanding of the plea bargain, which was to recommend that appellant be sentenced to five years on the burglary charge, and that he recited the terms of the bargain into the record. The prosecuting attorney present at sentencing was not the one who participated in the bargaining itself. However, the Court does not find that fact fatal to finding that the bargain was kept.

Appellant's main argument that the plea bargain was not kept stems from the fact that he received a 10-year sentence, instead of the 5-year term that was to be recommended. The sentencing judge in offering appellant the opportunity to withdraw the plea conditioned that offer upon the likelihood, however, that the prosecuting attorney would be free to press additional charges against the defendant. A review of the entire record, including appellant's two unsuccessful appeals to the Nebraska Supreme Court, see State v. Rapp (1969), 184 Neb. 156, 165 N.W.2d 715; State v. Rapp (1971), 186 Neb. 785, 186 N.W.2d 482, reveals that appellant's primary contention lies in the fact that the sentencing judge utilized extraneous evidence in handing down the maximum term.[1] This Court holds there is substantial evidence to support the trial court's finding that the plea bargain was kept. The recommendation was fully recited in the record. The defendant acknowledged that he knew that the sentencing judge is not bound by any such recommendation.

Appellant's contention 'that his counsel at sentencing was incompetent because he did not withdraw the guilty plea after the greater sentence was handed down is also belied by the record. The sentencing judge gave appellant and his attorney time in which to withdraw the plea, but both decided against it because, according to the sworn testimony of the appellant's attorney, they both felt the judge had made reversible error by utilizing the extraneous evidence in the sentencing. The decision not to

---

* WILLIAM C. STUART, District Judge, Southern District of Iowa, sitting by designation.

1. This was fully discussed in State v. Rapp (1969), 184 Neb. 156, 165 N.W.2d 715. In brief, the sentencing judge imposed the maximum sentence because between the time appellant entered his guilty plea and the date of sentencing, he attempted to escape from jail. The sentencing judge used this evidence in determining the sentence and the Nebraska Supreme Court upheld its use although it was not included in the presentence report.

withdraw the guilty plea was one exercised in appellant's attorney's independent judgment. There is substantial evidence to support the trial court's finding that appellant's counsel was not incompetent.

Affirmed.