Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
12/25/2020 12:11 AM CST

State of Nebraska, appellee, v.
Kenneth E. Hurd, appellant.
___ N.W.2d ___

Filed October 2, 2020.    No. S-19-919.

1.  **Sentences: Appeal and Error.** An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court.
2.  **Judgments: Words and Phrases.** An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence.
3.  **Statutes: Appeal and Error.** Statutory interpretation presents a question of law, which an appellate court reviews independently of the lower court.
4.  ____: ____. An appellate court will not resort to interpretation to ascertain the meaning of statutory words that are plain, direct, and unambiguous.
5.  **Courts: Sentences.** A sentencing court has wide latitude and discretion to impose any sentence within the statutory limits.

Appeal from the District Court for Seward County: James C. Stecker, Judge. Affirmed.

Jim K. McGough and Nathan S. Lab, of McGough Law, P.C., L.L.O., for appellant.

Douglas J. Peterson, Attorney General, and Kimberly A. Klein for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Heavican, C.J.

## INTRODUCTION

Kenneth E. Hurd pled no contest to a misdemeanor charge of child abuse. He was sentenced to 1 year's imprisonment. He appealed, and we moved this case to our docket to answer the question of whether, under Neb. Rev. Stat. § 81-1848 (Cum. Supp. 2018), a victim may both fill out a victim impact statement to be included in the presentence investigation report and also write and read a separate letter to be offered at the defendant's sentencing hearing. We conclude that the plain language of § 81-1848 allows both a victim impact statement and a written letter and that Hurd's sentence was not excessive. We accordingly affirm.

## FACTUAL BACKGROUND

Hurd was charged by information with incest. Pursuant to a plea agreement, Hurd subsequently pled no contest to one count of misdemeanor child abuse. In return for Hurd's no contest plea, the State agreed to recommend probation.

A presentence investigation report was completed. The victim included a victim impact statement, consisting of responses to a questionnaire drafted by the probation office, and suggested that she believed probation would be appropriate. The probation officer completing the report indicated the same.

At the sentencing hearing, the State offered a factual basis alleging that Hurd resided with his wife and the alleged victim in this case and that Hurd subjected the victim to emotional trauma and physical abuse. The State also requested that the victim be permitted to read aloud a separate letter that she had written to Hurd. That request was granted over Hurd's objection. The contents of the letter were read into the record, and the letter itself was entered into evidence. Hurd was subsequently sentenced to 1 year's imprisonment.

Hurd appeals.

## ASSIGNMENTS OF ERROR

Hurd assigns, renumbered, that the district court abused its discretion by (1) allowing the victim to submit a statement to be included in the presentence investigation report and allowing her to also read a separate letter that was then offered into evidence for purposes of sentencing and (2) relying on statements suggesting that Hurd had committed first degree sexual assault in sentencing him to the maximum 1-year sentence of imprisonment allowable for his conviction for misdemeanor child abuse.

## STANDARD OF REVIEW

[1,2] An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court.[1] An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence.[2]

[3] Statutory interpretation presents a question of law, which an appellate court reviews independently of the lower court.[3]

## ANALYSIS

*Interpretation of § 81-1848(1)(d).*

In his first assignment of error, Hurd argues that the district court erred in allowing the victim to provide a victim impact statement for the presentence investigation report and to also read and offer to the court a separate, written statement.

As relevant, § 81-1848 provides:

   (1) Victims as defined in section 29-119 shall have the . . . right[]:

   . . . .

---

[1] *State v. Price*, 306 Neb. 38, 944 N.W.2d 279 (2020).

[2] *Id.*

[3] *State v. Galvan*, 305 Neb. 513, 941 N.W.2d 183 (2020).

(d) To be notified by the county attorney by any means reasonably calculated to give prompt actual notice of the following:

. . . .

(iv) The victim's right to make a written or oral impact statement to be used in the probation officer's preparation of a presentence investigation report concerning the defendant;

. . . .

(vii) The victim's right to submit a written impact statement at the sentencing proceeding or to read his or her impact statement submitted pursuant to subdivision (1)(d)(iv) of this section at the sentencing proceeding.

We held in *State v. Galindo*,[4] and reiterated in *State v. Thieszen*,[5] that § 81-1848 of the Nebraska Crime Victim's Reparations Act provides a list of baseline rights and that the act "does not seek to limit the sentencing court's traditional discretion to consider evidence from a variety of sources."

Hurd's assignment of error presents two issues—whether the victim was entitled to submit both a victim impact statement under § 81-1848(1)(d)(iv) and a written impact statement under § 81-1848(1)(d)(vii) and whether the district court erred in allowing the victim to read the second impact statement at sentencing before making the written version part of the record. These issues require this court to consider the language of § 81-1848. There is no allegation on appeal that the State violated the plea agreement.

[4] An appellate court will not resort to interpretation to ascertain the meaning of statutory words that are plain, direct, and unambiguous.[6]

In this case, the language of § 81-1848 plainly states that the victim had both the right to offer a written statement for

---

[4] *State v. Galindo*, 278 Neb. 599, 670, 774 N.W.2d 190, 245 (2009).

[5] See *State v. Thieszen*, 300 Neb. 112, 912 N.W.2d 696 (2018).

[6] *State v. Montoya*, 305 Neb. 581, 941 N.W.2d 474 (2020).

the presentence investigation report under subsection (1)(d)(iv) and to also offer a written impact statement at the time of sentencing under subsection (1)(d)(vii). As the State notes, the ability to do so seems to be a "peculiar quirk" of that section, but the language is nevertheless plain in allowing both.[7] The victim here did both, as was permitted by statute, and we find no error in the district court's allowing both to be considered at sentencing.

We note that Hurd objected to the written letter offered at sentencing on the ground that the victim had offered a written statement for inclusion in the presentence investigation report. We also note that Hurd further objected to facts relating to a sexual assault included in the report. But Hurd did not seek a continuance as a result of the reading or offering of the victim's letter, nor did he argue that the information alleged in the letter read and offered at sentencing was unknown to him.

We also observe that the same plain language set forth above does not explicitly reserve to a victim the right to read aloud a separate victim impact statement drafted for purposes of sentencing, as occurred in this case. But as we have previously noted, the rights set forth in § 81-1848 are baseline rights and do not limit a sentencing court's discretion to consider evidence from a variety of sources. Where Hurd has failed to demonstrate that he was prejudiced by the victim's reading her letter, a written version was, in any case, made available to the court.[8]

The district court has discretion to consider many things in determining a sentence, as will be discussed below. Allowing this letter to be read, rather than simply offered, is consistent with this discretion. Hurd's first assignment of error is without merit.

---

[7] Brief for appellee at 11.

[8] See *State v. Scott*, 284 Neb. 703, 824 N.W.2d 668 (2012).

*Consideration of Charges Dropped*
*Pursuant to Plea Agreement.*

In his second assignment of error, Hurd assigns that the district court erred in relying on allegations originally charged, but ultimately dismissed, in order to sentence him to the maximum sentence allowed for his conviction.

The State relied on *State v. Janis*[9] to support its position that it was not an abuse of discretion for the district court to consider dismissed charges when sentencing a defendant:

> "It must be assumed, we think, that a trial judge knows the difference between information that is pertinent to the issue before him and that which is unfounded rumor. The law invests a trial judge with a wide discretion as to the sources and types of information used to assist him in determining the sentence to be imposed within statutory limits." It is hard for us to understand how a trial court may properly consider information of the appellant's behavior if no charges are filed, but may not consider the *underlying facts* if a charge is filed and later dismissed, not because the facts are untrue, but due to a plea bargain. While we do not mean to suggest . . . that a trial court is free to consider any matter having no relevance or basis, we do mean to say that a trial court is, indeed, given wide discretion and where it appears that a sentence imposed is within statutory and constitutional limitations, it will not be disturbed on appeal in the absence of an abuse of discretion on the part of the trial court.

Hurd argues that his case is distinguishable from *Janis* because "the district court in this matter improperly concluded that [Hurd] was guilty of a more serious and dismissed charge and abused its discretion by excluding consideration of a probationary sentence because the court believed that [Hurd] would not admit to the more serious charge."[10] Having

---

[9] *State v. Janis*, 207 Neb. 491, 495, 299 N.W.2d 447, 449-50 (1980) (quoting *State v. Rapp*, 184 Neb. 156, 165 N.W.2d 715 (1969)).

[10] Brief for appellant at 12.

reviewed the district court's comments made at sentencing, we disagree with this characterization.

[5] As noted above, we have observed that a sentencing court has wide latitude and discretion to impose any sentence within the statutory limits:

> "It is a long accepted practice in this state that before sentencing a defendant after conviction a trial judge has a broad discretion in the source and type of evidence he may use to assist him in determining the kind and extent of punishment to be imposed within the limits fixed by statute. Highly relevant, if not essential, to his determination of an appropriate sentence is the gaining of knowledge concerning defendant's life, character, and previous conduct. In gaining this information, the trial court may consider reports of probation officers, police reports, affidavits, and other information including his own observations of the defendant. A presentence investigation has nothing to do with the issue of guilt. The rules governing due process with respect to the admissibility of evidence are not the same in a presentence hearing as in a trial in which guilt or innocence is the issue. The latitude allowed a sentencing judge at a presentence hearing to determine the nature and length of punishment, other than in recidivist cases, is almost without limitation as long as it is relevant to the issue."[11]

The sentence imposed was supported by the facts of this case and the victim's statement, and it was within the district court's discretion. Hurd's second assignment of error is without merit.

## CONCLUSION

We affirm the judgment of conviction and the sentence of the district court.

Affirmed.

---

[11] *Rapp, supra* note 9, 184 Neb. at 157-58, 165 N.W.2d at 716.