IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. JANOUSEK

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

JONATHAN JANOUSEK, APPELLANT.

Filed December 1, 2020.    Nos. A-19-905, A-19-906.

Appeals from the District Court for Sarpy County: GEORGE A. THOMPSON, Judge. Affirmed.

Jonathan Janousek, pro se.

Douglas J. Peterson, Attorney General, and Kimberly A. Klein for appellee.

BISHOP, ARTERBURN, and WELCH, Judges.

ARTERBURN, Judge.

INTRODUCTION

Jonathan Janousek appeals from an order of the district court for Sarpy County in these consolidated cases which denied his motion for postconviction relief without an evidentiary hearing. Based on the reasons that follow, we affirm.

BACKGROUND

The facts underlying the charges in this case are set out in more detail in Janousek's direct appeal from his convictions, see *State v. Janousek*, Nos. A-17-875, A-17-876, 2018 WL 3752165 (Neb. App. Aug. 7, 2018) (selected for posting to court website). We will supplement the facts herein as necessary to the issues contained in this appeal.

On July 12, 2016, the State filed an information in case CR16-504 charging Janousek with possession of a stolen firearm, a Class IIA felony, and possession of a firearm by a prohibited

- 1 -

person, a Class ID felony. The State filed a second information in case CR16-575 on August 9, charging Janousek with one count of burglary, a Class IIA felony.

On March 14, 2017, the State and Janousek announced that they had reached a plea agreement. The State announced the details of the plea agreement to the court: in CR16-504, the State would amend the possession of a stolen firearm charge to attempted possession of a stolen firearm, a Class IIIA felony. The State also agreed to amend the possession of a firearm by a prohibited person charge to attempted possession of a firearm by a prohibited person, a Class II felony. In exchange, Janousek agreed to plead guilty to these charges. The State also agreed to recommend that the sentences on these two charges to run concurrently to each other. As part of the same plea agreement, Janousek agreed to plead guilty to the burglary charge in CR16-575.

After hearing the terms of the plea agreement, the court proceeded with the plea colloquy. The court asked a series of questions to determine whether Janousek was competent to enter into a plea. The court also sought to determine whether Janousek understood the proceedings. Janousek's counsel explained that Janousek had already pled guilty to two felony charges in Douglas County.

After finding Janousek competent to plead, Janousek entered pleas of guilty to each of the three agreed upon charges. Before accepting his pleas, the court explained the elements of each charge, the possible sentences which could be imposed, and Janousek's constitutional and statutory rights.

The court advised Janousek that at its discretion, it could enter sentences for the three charges either concurrently or consecutively, which Janousek indicated he understood. The court then explained its understanding of the plea agreement between Janousek and the State and confirmed that Janousek understood the agreement, specifically including the State's promise to recommend concurrent sentences to the two counts contained in CR16-504. Janousek confirmed his understanding of the agreement and specifically noted the State's agreed upon recommendation of concurrent sentences as to those two counts. The court then advised Janousek that it was not part of the plea negotiations and while it would listen to what Janousek, his attorney, and the State's attorney had to say, it was not bound by any sentencing recommendations or agreements between the parties. The court explained that it was the only one who could determine what the appropriate sentence was. Janousek stated he understood the court was not bound by either party's recommendation. After a factual basis was provided, the court accepted Janousek's guilty pleas, adjudged him guilty of the three charges he had pled to, and scheduled a sentencing hearing.

On July 17, 2017, the case came on for sentencing. Janousek's counsel requested that any sentences imposed in these cases be served concurrently with sentences already imposed by the Douglas County District Court. The State argued that the sentences in the two separate cases before the court be imposed consecutively to each other and to the Douglas County sentences. The State did recommend that the sentences to the two counts in CR16-504 be imposed concurrently with each other in accordance with the plea agreement.

The court announced that it had a chance to review the entire presentence investigation report (PSI) including the victim impact statement and had determined that imprisonment was necessary. The court sentenced Janousek to a period of 3 years' imprisonment for attempted possession of a stolen firearm and 10 to 15 years' imprisonment for attempted possession of a

firearm by a prohibited person in CR16-504. The sentences were ordered to be served concurrently. The court then sentenced Janousek for the burglary charge in CR16-757 to 10 to 15 years' imprisonment with that sentence to be served consecutively to those sentences imposed in CR16-504. The court announced that the sentences imposed in Sarpy County would be served consecutively to any other sentence that Janousek is currently serving.

Janousek appealed his convictions and sentences in a direct appeal utilizing different counsel than his trial counsel. See *State v. Janousek, supra.* Among his assignments of error, he argued that he received ineffective assistance of counsel when his trial counsel failed to (1) request a competency evaluation, (2) have Janousek evaluated to determine whether he was competent to change his plea to guilty and subsequently to be sentenced, and (3) adequately discuss with him the need for a competency review in light of the psychological evaluation report included in the PSI. *Id.* We rejected his first two claims and determined that the record was insufficient to determine whether Janousek received ineffective assistance of trial counsel as to the third claim. *Id.*

Janousek, acting without counsel, subsequently filed a timely motion for postconviction relief. In the motion, he presented layered claims that appellate counsel was ineffective for failing to raise on direct appeal a claim that trial counsel was ineffective by (1) failing to recognize and advise Janousek of the possibility of raising an insanity defense, (2) failing to address a material breach of the plea agreement, and (3) failing to object to the inclusion of a victim impact statement in the presentence report. Regarding the alleged breach of the plea agreement, Janousek argued that there was a "global plea negotiation" where the prosecutors for both Douglas County and Sarpy County agreed to recommend concurrent sentences as to all of the cases that the prosecutors were handling. Janousek alleges that there was an agreement to recommend that any sentences would run concurrent with each other. As to his final layered claim he argued that trial counsel was ineffective by failing to object to a victim impact statement contained in the PSI and by failing to ask the court to reconsider its sentencing determination after the court stated it had considered the victim impact statement in imposing its sentence.

The district court denied Janousek's motion for postconviction relief without an evidentiary hearing. The court noted that it had reviewed Janousek's motion and determined that it did not contain sufficient facts to establish that but for counsel's errors, Janousek would not have entered a plea and would have insisted on going to trial. The court further determined that Janousek's claims either "completely lack facts relating to prejudice" or provide only self-serving facts to show prejudice. The court, thus, denied Janousek's motion for lack of sufficient facts relating to prejudice. Although finding no prejudice, the court further considered whether trial counsel's performance was deficient as to specific topics alleged by Janousek. After denying Janousek's claim with respect to failure to pursue an insanity defense, the district court also addressed the issue of Janousek's competency, an issue not raised in his postconviction motion.

The district court then addressed the allegation regarding the purported violation of the plea agreement. The district court concluded that the record refuted Janousek's claim because an agreement to recommend concurrent sentences beyond the two counts in CR16-504 was never a part of the plea agreement. The court recounted and then discussed its understanding of the plea colloquy wherein all facets of the plea agreement was entered into the record. It also included the

plea colloquy where Janousek explicitly acknowledged that the court had the discretion to run the sentences concurrently or consecutively. The court did not make specific findings regarding Janousek's claim as to the inclusion of the victim impact statement. However, the court did conclude that "each argument advanced in [Janousek's] motion for postconviction relief is denied without an evidentiary hearing because they are either not pled with specific facts, the record affirmatively establishes his claims are without merit, or they are procedurally barred." Janousek appeals from the district court's order denying his motion without an evidentiary hearing.

## ASSIGNMENTS OF ERROR

On appeal, Janousek makes four assignments of error. Janousek alleges that the district court erred by (1) determining that the alleged violation of the plea agreement did not require an evidentiary hearing, (2) using improper and inaccurate facts in its opinion and order, (3) not specifically addressing the inclusion of the victim statement in the PSI in its order, and (4) failing to grant an evidentiary hearing on the "Failure to Investigate" topic. Brief for appellant at 14. Janousek does not make any argument in support of his fourth assignment of error. Errors assigned but not argued will not be addressed by an appellate court. *NAMN, LLC v. Morello*, 291 Neb. 462, 867 N.W.2d 545 (2015). Therefore, we will not address his final assignment of the error.

## STANDARD OF REVIEW

On appeal from the denial of postconviction relief without an evidentiary hearing, the question is not whether the movant was entitled to relief by having made the requisite showing; instead, it must be determined whether the allegations were sufficient to grant an evidentiary hearing. *State v. Henderson*, 301 Neb. 633, 920 N.W.2d 246 (2018).

If a postconviction motion alleges only conclusions of fact or law, or if the records and files in the case affirmatively show that the defendant is entitled to no relief, the court is not required to grant an evidentiary hearing. *State v. Martinez*, 302 Neb. 526, 924 N.W.2d 295 (2019).

In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief. *Id.*

## ANALYSIS

When analyzing a claim of ineffective assistance of appellate counsel, courts will often begin by determining whether the defendant suffered prejudice by appellate counsel's failure to raise a claim. *State v. Dubray*, 294 Neb. 937, 885 N.W.2d 540 (2016). If the claimed deficiency of appellate counsel's performance is the failure to raise a claim on appeal, the court will look at the strength of the claim that appellate counsel failed to raise. *Id.* Much like claims of ineffective assistance of trial counsel, the defendant must show that but for counsel's failure to raise the claim, there is a "'reasonable probability'" that the outcome would have been different. *Id.* at 953, 885 N.W.2d at 554. The prejudice must be of such severity that it "'renders the result of the trial unreliable or the proceeding fundamentally unfair.'" *Id.* When a claim of ineffective assistance of appellate counsel is based on the failure to raise a claim on appeal of ineffective assistance of trial

counsel (a "layered" claim of ineffective assistance of counsel), an appellate court will look at whether trial counsel was ineffective under the *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), test. *State v. Dubray, supra*. If the trial counsel was not ineffective, then the defendant was not prejudiced by appellate counsel's failure to raise the issue. *Id.*

*Violation of Plea Agreement.*

Janousek alleges that his appellate counsel was ineffective for failing to assert that trial counsel was ineffective for not objecting to a violation of the plea agreement. Janousek specifically argues that the district court erred in dismissing the claim without an evidentiary hearing. The district court determined that the record explicitly refutes Janousek's claim. We agree.

In his brief on appeal, Janousek argues that there was a global plea agreement that was entered into between the State and Janousek which included a provision that the prosecutors in all of the cases would recommend concurrent sentences in the cases pending in both Douglas and Sarpy counties. We note that this court previously disposed of Janousek's appeal from the Douglas County District Court in *State v. Janousek*, No. A-19-752, 2020 WL 2730965 (Neb. App. May 26, 2020) (selected for posting to court website). In that case, this court noted that Janousek's counsel stated at the sentencing hearing in Douglas County that there was a global plea agreement wherein the prosecutors would recommend that the pending charges in Sarpy County run concurrently to the Douglas County charges. However, the trial court in that case noted it was the first to impose sentence and that there was no indication on the record at the time of the plea that the Douglas County attorney was under any obligation to recommend concurrent sentences on the offenses for which Janousek was convicted there. We agreed that any global plea agreement would not have an impact on the sentences imposed in Douglas County because it would be up to the court in Sarpy County at the time of its sentencing to determine whether its sentences should run concurrent to the sentences imposed in Douglas County. *Id.*

In the present case, the plea agreement between Janousek and the State was clearly stated on the record. In exchange for Janousek pleading guilty, the State amended both counts of the information in CR16-504 from possession of a stolen firearm and possession of a firearm by a prohibited person to an attempts of those underlying offenses. The State further agreed to recommend that these sentences run concurrent to each other. There is no record of any other requirement that the State was bound to recommend concurrent sentences as to any other offenses for which Janousek had been found guilty in either Douglas or Sarpy County.

During the plea colloquy, the court explained its understanding of the plea agreement between the State and Janousek. The court specifically stated that under the plea agreement, the State was bound to recommend concurrent sentences only as to the two firearm related offenses which were charged in CR16-504. Janousek agreed with the court's clarification of the agreement. The court also explained to Janousek that it was not bound by any sentencing agreements made between the parties and it could, in its sole discretion, decide to run the sentences concurrently or consecutively. Further, the court inquired whether Janousek had any questions about the possible sentence he faced. Janousek denied having any questions.

Janousek was given opportunities to bring up any additional elements of the plea agreement which he believed existed and did not do so. He was told at the beginning of the plea hearing that

he could speak with his counsel at any time during the plea hearing. He had the opportunity to discuss the terms of the plea agreement with his counsel if he thought there were other terms that had not been mentioned. He did not do so. The district court concluded the hearing by asking whether Janousek had any additional questions. Janousek asked no questions relating to whether the sentences would run concurrently or consecutively to the sentences from Douglas County. Because we agree that the record refutes Janousek's allegations of a global plea agreement, Janousek's trial counsel was not ineffective for failing to object to the State's failure to recommend concurrent sentences beyond those recommended in CR16-504. Because trial counsel was not ineffective in this regard, appellate counsel could not be ineffective for failing to raise this issue on direct appeal. Therefore, we affirm the decision made by the district court to deny this claim of ineffective assistance of appellate counsel without an evidentiary hearing.

*Topics Addressed by District Court's Opinion and Order.*

We consolidate Janousek's second and third assignments of error. Janousek alleges that the district court used improper and inaccurate facts, material, and references in its order. Janousek specifically notes that the heading of the order indicates that it was entered in the district court for Douglas County despite being entered by the district court for Sarpy County. Janousek further argues that the analysis in the order does not match up with the assigned errors in the motion. He alleges that a topic not raised in his motion was addressed and another topic raised was not addressed in the order. Upon our review of the record and the order, we find that the order does adequately address all issues raised. None of the issues raised result in prejudice to Janousek, nor do they require remand.

The district court's order is headed as being issued in the Douglas County District Court. However, this heading clearly is a typographical error. The order bears the Sarpy County case numbers, the signature of the judge who sits in Sarpy County, and was filed in the Sarpy County District Court. We cannot see how this error prejudiced Janousek or affected the substance of the order.

It is also true that the district court included a section regarding Janousek's competency. This issue was not raised in the motion for postconviction relief, but, as we discussed above, was previously raised and resolved in Janousek's direct appeal. Again, we are unable to discern how the inclusion of this discussion in the district court's order prejudices Janousek. We note that in his brief on appeal, Janousek fails to explain how this error affected the court's ultimate resolution of his motion.

Moreover, we note that the bulk of the district court's order indicated the court's careful analysis of Janousek's claims of ineffective assistance of appellate counsel. In particular, the order addresses the plea colloquy as it related to his claim that the State failed to abide by the plea agreement. In the order, the court also specifically addresses Janousek's allegation that trial counsel was ineffective by failing to pursue an insanity defense. The district court addressed the issue directly by referencing and citing to Janousek's motion for postconviction relief. Ultimately, we do not find that the district court referenced or relied upon inapplicable or irrelevant materials or facts in determining whether Janousek's motion for postconviction relief should be denied without an evidentiary hearing.

*Victim Impact Statement.*

Finally, Janousek assigns and argues that the district court's order did not address the third claim in his motion for postconviction relief. The third claim made to the district court was that his appellate counsel was ineffective for failing to assign and argue that trial counsel was ineffective for not objecting to the consideration of a victim impact statement contained in the PSI.

In his brief on appeal, Janousek asserts that the district court did not address this issue in its order denying postconviction relief. We agree that this claim was not explicitly addressed in the district court's order. However, we note that the court stated in its order, prior to addressing specific claims of ineffective assistance of counsel that all of Janousek's claims completely lack facts relating to prejudice or only provide self-serving prejudicial facts which were insufficient. The district court also denied Janousek's motion for postconviction relief for lack of sufficient facts relating to prejudice prior to addressing specific claims of ineffective assistance of counsel. Finally, the district court concluded that each argument advanced would be denied without an evidentiary hearing because the claims were either not pled with specific facts, the record affirmatively established the claims are without merit, or they are procedurally barred. Therefore, to the extent the district court did not appear to specifically analyze this claim, we review that claim on the basis that the district court found that the claim failed based on the prejudice prong of an ineffective assistance of counsel claim. See *State v. Oliveira-Coutinho*, 304 Neb. 147, 933 N.W.2d 825 (2019).

Janousek claims that appellate counsel was ineffective for failing to allege that trial counsel was ineffective for failing to object to the inclusion of a victim impact statement and failing to move for reconsideration of the sentence based upon the court's consideration of the victim impact statement. Janousek specifically argues that there was a victim impact statement included in the PSI from the person whose house was broken into and that she does not qualify as a victim under Neb. Rev. Stat. § 29-119 (Reissue 2016). He then argues that it was impermissible for the court to consider her statements at the time of sentencing.

The Nebraska Crime Victim's Reparations Act (NCVRA) states that victims of a crime as defined by law have the right to make a written or oral impact statement to be used in the preparation of a presentence report concerning the defendant. Neb. Rev. Stat. § 81-1848 (Cum. Supp. 2016). Victim is then defined in § 29-119 for purposes of the NCVRA and does not include victims of burglaries. However, this statute merely provides for a baseline right to give a victim impact statement. *State v. Galindo*, 278 Neb. 599, 774 N.W.2d 190 (2009). The NCVRA does not address or seek to limit the sentencing court's traditional discretion to consider evidence from a variety of sources. *State v. Galindo, supra*. In *Galindo*, the Nebraska Supreme Court determined there was no error in allowing relatives who would not be considered victims under the NCVRA to read their victim impact statements at a sentencing hearing. Furthermore, a trial judge has a broad discretion in the source and type of evidence he may use to assist him in determining the kind and extent of punishment to be imposed within the limits fixed by statute. *State v. Hurd*, 307 Neb. 393, 949 N.W.2d 339 (2020).

Accordingly, the court had the discretion to consider the impact statement submitted by the burglary victim. Janousek could not establish prejudice from counsel's failure to object to the

inclusion of the victim impact statement or failure to move to reconsider based on considering the victim impact statement. Because Janousek was not prejudiced by trial counsel's performance in this regard, his claim that appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness would also fail. We therefore conclude the district court did not err when it denied this claim without an evidentiary hearing.

## CONCLUSION

We conclude that the district court did not err when it denied Janousek's postconviction claims without an evidentiary hearing. Having rejected all of Janousek's assignments of error, we affirm the district court's order.

AFFIRMED.