IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. RICHARDSON

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

DONOVAN RICHARDSON, APPELLANT.

Filed April 27, 2021.    No. A-20-819.

Appeal from the District Court for Douglas County: KIMBERLY MILLER PANKONIN, Judge. Affirmed.

Thomas C. Riley, Douglas County Public Defender, and Cindy A. Tate for appellant.

Douglas J. Peterson, Attorney General, and Kimberly A. Klein for appellee.

PIRTLE, Chief Judge, and ARTERBURN and WELCH, Judges.

ARTERBURN, Judge.

## INTRODUCTION

Donovan Richardson appeals from his plea-based convictions in the district court for Douglas County for attempted robbery and second degree assault. On appeal, he argues that the district court erred by improperly considering a victim impact statement when making its sentencing determination and by imposing excessive sentences. For the reasons set forth herein, we affirm.

## BACKGROUND

On February 25, 2020, the State filed an information charging Richardson with three counts: attempted robbery, in violation of Neb. Rev. Stat. § 28-324 (Reissue 2016), a Class IIA felony; second degree assault, in violation of Neb. Rev. Stat. § 28-309(1)(a) (Reissue 2016), a Class IIA felony; and use of a deadly weapon to commit a felony, in violation of Neb. Rev. Stat.

§ 28-1205(1)(a) (Reissue 2016), a Class IC felony. Richardson entered a plea of not guilty to the charges in the original information.

Subsequently, on July 1, 2020, the State and Richardson appeared before the court and indicated that they had reached a plea agreement. As a part of that agreement, the State indicated its intention to dismiss the third count in the information, use of a deadly weapon to commit a felony. In exchange, Richardson agreed to plead no contest to the remaining two counts in the information, attempted robbery and second degree assault.

Prior to the district court accepting Richardson's pleas of no contest, it explicitly advised him that the possible penalty for both attempted robbery and second degree assault, each a Class IIA felony, is a maximum sentence of up to 20 years' imprisonment. The court also informed Richardson that because there were two counts, it had the discretion of ordering that the sentences be imposed concurrently or consecutively. Richardson indicated his understanding of the possible penalties associated with his pleas and the discretion available to the judge at sentencing.

The State provided a factual basis for Richardson's pleas. According to that factual basis, on February 4, 2020, law enforcement officers responded to a call that shots were fired at the victim, Kenneth Newman's residence. Law enforcement officers made contact with Newman, who was suffering from a gunshot wound. Newman explained to officers that Richardson had come to his door demanding money. When Newman closed the door, several shots were fired through the door and Newman was struck in the chest. Law enforcement officers took Richardson into custody. During a subsequent interview with police, Richardson admitted to the robbery and the shooting. After the State's recitation of the factual basis, Richardson's counsel indicated his contention that Newman was, in fact, not able to identify Richardson as the shooter.

Ultimately, the district court accepted Richardson's pleas of no contest to the counts of attempted robbery and second degree assault. The district court ordered that a presentence investigation report be prepared.

The presentence investigation report revealed that Richardson is 19 years old and had obtained his high school diploma from Canyon State Academy in Arizona. At the time of his arrest, he was unemployed. The probation officer who conducted the presentence investigation noted that many of Richardson's acquaintances were associated with a gang. Richardson admitted that he has been affiliated with gangs since he was about 14 years old and has continued to maintain a strong gang affiliation.

Richardson denied that he had a problem with alcohol despite getting into trouble at Canyon State Academy where he was expelled for producing an alcoholic beverage using alcohol wipes, tea, and water. He denied all use of other illicit drugs or chemical substances, other than marijuana. At the time of the interview, he reported that he smoked marijuana daily which costs him $20 per week. He also stated that he purchases his marijuana from his gang associates. At the time of the report, the probation officer noted that Richardson accepted very little responsibility for his law violations and made no expression of remorse for the harm he caused to the victim.

Richardson's record dates back to when he was 14 years old. His juvenile record includes notations for possession of marijuana, criminal mischief, and assault for which he was placed on diversion. He was adjudicated for receipt of a stolen item and obstruction of an officer, and being a missing juvenile. He was placed on probation for these offenses, detained several times in the Douglas County Youth Center following revocation of probation, and was ultimately placed in

Canyon State Academy. He had a history of absconding and cutting off his global positioning system bracelet while on probation which ultimately resulted in his placement in Arizona. At least three group homes in Nebraska would not accept placement due to his gang involvement and history of absconding. Prior to the present case, he was convicted of carrying a concealed weapon for which he served a jail sentence. During the pendency of this case, Richardson incurred lockdowns while he was in jail for fighting and assaulting other detainees, committing gang related acts, threatening an officer, disruption, failing to comply with orders, and inciting a riot. His most recent lockdown was from October 13 until November 7, 2020.

His record in the Omaha Public Schools also revealed a pattern of troubled and violent behavior. He attended four different high schools and an expelled student program. Disciplinary referrals and expulsions were based on fighting, verbal and written abuse including threats made to staff, physical assault of staff, behavior disrupting the school environment, truancy, wearing gang apparel, and possession of drugs. Richardson scored a 37 on the "LS/CMI," a risk/needs asssessment tool, placing him in the very high risk category. He scored in the very high risk range for companions, alcohol/drug problem, procriminal attitude, and antisocial. He scored in the high risk range for criminal history, education/employment, family, and leisure/recreation.

At the sentencing hearing on November 5, 2020, Richardson's counsel stated that Richardson took responsibility for his actions and that he understood that they "could be sitting here today on a whole other charge and he could potentially be facing life in prison." In addition, Richardson's counsel focused on the fact that Richardson was only 19 years old when the crime was committed. When given a chance to make his own statement to the court, Richardson stated that he was sorry about what had happened. He also asked Newman for forgiveness for what he did and told the court that he would like to have another chance to live outside of prison sometime in the future.

Newman provided a victim impact statement during the sentencing hearing. He stated that Richardson was violent and that he was afraid Richardson would hurt him or his children when Richardson was released from custody. Noting that he knew Richardson from his employment at the Douglas County Youth Center, he expressed concern that "[i]f [Richardson] turned on me, no telling who else [Richardson] would turn on in this community." He explained that while he was at the Douglas County Youth Center, he "put [his] life on the line to save [Richardson] from getting hurt." Newman repeatedly expressed concern that Richardson would "get right out of the jail" and would hurt him. He expressed his concern that Richardson only admitted that he shot Newman "because he thought he was still a juvenile, [and believed that] you have to admit to get off." Richardson's counsel objected but the judge stated "I'll interrupt if I think it's going too far." However, the court did not interrupt Newman during his statement. Newman reiterated that Richardson tried to kill him.

The district court indicated that it considered all of the information and argument presented at the sentencing hearing. It also indicated that it considered the information in the presentence report. The court stated, "I hope it is not lost on you, sir, that you very well could be here for first degree murder." The court also explained that testing conducted as part of the presentence investigation placed Richardson "at a very high risk to re-offend." Then the court also stated that there has been services for rehabilitation offered to Richardson through Omaha Public Schools,

the juvenile court system, the probation office, staff and teachers at Canyon State Academy, "[a]nd obviously, here, we've also heard about efforts made by Mr. Newman himself."

On the count for attempted robbery, the court sentenced Richardson to a period of 10 to 14 years' imprisonment. On the count for second degree assault, the court sentenced Richardson to a period of 14 to 18 years' imprisonment. The court ordered these sentences to be served consecutively and gave Richardson a credit of 273 days of time served against the sentences.

Richardson timely appeals to this court.

## ASSIGNMENTS OF ERROR

Richardson alleges that the district court erred by allowing Newman to provide characterizations and opinions regarding Richardson, the crime, and an appropriate sentence within Newman's victim impact statement. Richardson also alleges that the district court erred in imposing excessive sentences.

## STANDARD OF REVIEW

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Hurd*, 307 Neb. 393, 949 N.W.2d 339 (2020). An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id.*

## ANALYSIS

*Victim Impact Statement.*

Richardson argues the district court erred when it permitted Newman to give characterizations and opinions about Richardson, the crime, and an appropriate sentence and then relied on those statements in determining the appropriate sentences for Richardson.

The Nebraska Crime Victim's Reparations Act (NCVRA) states that victims of a crime as defined by law have the right to make a written or oral impact statement to be used in the preparation of a presentence report concerning the defendant. Neb. Rev. Stat. § 81-1848 (Cum. Supp. 2016). The NCVRA merely provides for a baseline right to give a victim impact statement. *State v. Galindo*, 278 Neb. 599, 774 N.W.2d 190 (2009). The NCVRA does not address or seek to limit the sentencing court's traditional discretion to consider evidence from a variety of sources. *State v. Galindo, supra*.

The U.S. Supreme Court has held that victim impact statements considered at sentencing to show the personal characteristics of the victim or the emotional impact of the crime on the family do not violate the U.S. Constitution. *Payne v. Tennessee*, 501 U.S. 808, 111 S. Ct. 2597, 115 L. Ed. 2d 720 (1991); *State v. Galindo, supra.* There is a substantive limitation on the admissibility of victim impact information: victim family members' characterizations and opinions about the crime, the defendant, or the appropriate sentence may not be received in evidence. *State v. Vela*, 279 Neb. 94, 777 N.W.2d 266 (2010). To the extent that victim impact statements go merely to showing the personal characteristics of the victim or the emotional impact of the crime on the family, their admission at sentencing has been expressly held not to violate the U.S. Constitution. *State v. Bjorklund*, 258 Neb. 432, 604 N.W.2d 169 (2000). The admission of a victim's family members' characterizations and opinions about the crime, the defendant, and the

appropriate sentence violates the Eighth Amendment. *State v. Bjorklund, supra*. However, the Eighth Amendment is not violated unless the sentencing body considers impermissible statements in reaching the sentencing decision. *State v. Bjorklund, supra*.

In *State v. Bjorklund, supra*, Bjorklund alleged that the victim impact statement made by the victim's family violated his Eighth Amendment right. However, the court found that he did not present any evidence that the sentencing judge considered these statements in determining his sentence. *State v. Bjorklund, supra*. While the court acknowledged that the sentencing judge did not explicitly state that he did not consider the statements made by the victim's family, the court explained that in the absence of evidence to the contrary, there is a presumption that a judge will disregard evidence that should not have been admitted. *Id.* Since Bjorklund failed to overcome that presumption, the court found that there was no merit to his allegation of error. *Id.*

Here, some of the statements made by Newman arguably crossed the line into opinions about the crime and the defendant. However, just as in *Bjorklund*, the sentencing judge did not make any statement which would indicate that she utilized these statements in determining the sentence to be imposed. Richardson argues that the presumption that the judge disregarded evidence is overcome because the judge allowed Newman "to express his opinions about the crime, the sentence, and [his] character" over his objection. Brief for appellant at 9. In addition, Richardson notes that the judge did not interrupt Newman while he was giving his victim impact statement and the judge referenced Newman's attempts to help Richardson while Richardson was at the Douglas County Youth Center. While the judge mentioned Newman's past efforts to rehabilitate Richardson, this statement was made in conjunction with other avenues of treatment, education, and support that Richardson had previously been provided, could have taken advantage of, but ultimately chose to disregard. There is no indication either in the rationale explained on the record or in the sentencing order that the judge specifically utilized these statements in determining appropriate sentences. The judge explicitly stated that she was considering the information in the presentence investigation, including Richardson's age, mentality, education, experience, past criminal record, nature of the offense, including the presence of violence in the offense, and motivation for the offense. Because Richardson failed to produce evidence that the judge improperly considered any improper information contained in Newman's victim impact statement when she determined Richardson's sentence, Richardson has failed to overcome the presumption that the judge disregarded any improperly received statements. Accordingly, we find that this assignment of error is without merit.

*Excessive Sentence.*

In his brief on appeal, Richardson argues that the district court erred in imposing an excessive sentence. Specifically, Richardson argues that the district court failed to appropriately consider his age, experience, mentality, social background, and education when imposing its sentence. He contends that had the court considered these factors, his sentence would be substantially shortened.

In determining a sentence to be imposed, relevant factors customarily considered and applied are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense, and (8) the amount of violence involved in

the commission of the crime. *State v. Price*, 306 Neb. 38, 944 N.W.2d 279 (2020). The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *State v. Stabler*, 305 Neb. 415, 940 N.W.2d 572 (2020).

Richardson was convicted of attempted robbery and second degree assault, both Class IIA felonies carrying a maximum sentence of 20 years' imprisonment. Neb. Rev. Stat. § 28-105(1) (Cum. Supp. 2020). Richardson was sentenced to 10 to 14 years' imprisonment for attempted robbery and 14 to 18 years' imprisonment for second degree assault. Accordingly, his sentences were within statutory limits.

Because Richardson's sentences fall within the statutorily provided range, we review the sentences imposed only for an abuse of discretion. *State v. Dixon*, 286 Neb. 334, 837 N.W.2d 496 (2013). Contrary to Richardson's assertions in his brief to this court, we do not find that the court failed to consider any pertinent factors in imposing the sentence.

At the sentencing hearing, the district court stated that it had reviewed the presentence investigation report. The report contained a considerable amount of information regarding Richardson's age, health, experience, and social background. It detailed his prior history in the juvenile and adult courts. The court detailed the efforts made by the schools, the juvenile court, probation, and other entities to provide Richardson with the necessary education, treatment, and rehabilitation so as to avoid further criminal behavior. The district court specifically mentioned that it was simply "luck" that Richardson did not kill Newman in the commission of his crimes. Finally, the court noted Richardson's statements to the probation officer with respect to his ongoing gang affiliations and his unwillingness to live a law-abiding life.

Upon our review, we do not find that the district court abused its discretion in imposing its sentences. There is nothing in the record to suggest that the district court failed to consider the relevant statutory factors. Instead, the record reflects that the court considered all of the information contained in the presentence report and ultimately decided that, given Richardson's history, gang affiliations, and the amount of violence involved in the offense, a lengthy prison sentence was warranted. The sentence is within statutory limits and, given the totality of the evidence contained in the presentence report, including the serious nature of the offense, does not constitute an abuse of discretion.

## CONCLUSION

We find no abuse of discretion in the decision of the district court to sentence Richardson to consecutive terms of imprisonment of 10 to 14 years' for attempted robbery and 14 to 18 years' for second degree assault. Accordingly, we affirm.

AFFIRMED.