IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)

STATE V. OWEN

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

DUANE OWEN, JR., APPELLANT.

Filed June 3, 2025.    No. A-24-830.

Appeal from the District Court for Morrill County: ANDREA D. MILLER, Judge. Affirmed.

Steven E. Elmshaeuser for appellant.

Michael T. Hilgers, Attorney General, and P. Christian Adamski for appellee.

RIEDMANN, Chief Judge, and BISHOP and ARTERBURN, Judges.

RIEDMANN, Chief Judge.

## INTRODUCTION

Duane Owen, Jr., pled no contest to five counts of possession of child pornography. He was sentenced to 15 to 20 years' imprisonment on each count, and all sentences were ordered to run consecutive to one another. He appeals, arguing that comments at the sentencing hearing would cause a reasonable person to question the judge's impartiality toward him and that the sentences imposed were excessive. Finding no abuse of discretion by the sentencing court, we affirm.

## BACKGROUND

In May 2024, the State filed an information in the district court for Morrill County, charging Owen with 25 counts of possession of child pornography, 1 count of possession of a firearm by a prohibited person, 1 count of third degree sexual assault on a juvenile, and 1 count of intentional child abuse. Pursuant to a plea agreement, the State filed an amended information dismissing all charges except 5 counts of possession of child pornography, Class IIA felonies, and

- 1 -

agreed to not file any further charges resulting from the known allegations. See Neb. Rev. Stat. § 28-813.01(1) (Cum. Supp. 2020). In exchange, Owen entered no contest pleas to the amended charges.

The State provided the following factual basis for the charges. In January 2024, the sheriff's department received a child abuse intake regarding K.B., who was 12 years old. K.B. had disclosed to her therapist that, over Christmas break in 2023, she had spent time with a male relative, who was identified as Owen and was 53 years old at the time. K.B. reported Owen had shown her sex toys and a "sex-style doll" in his home. Text messages were discovered between K.B. and Owen which corroborated her story. Later, a search warrant was executed at Owen's home and several electronic devices were located and confiscated. Pursuant to a valid warrant, these devices were searched, and various images were found which depicted adults engaging in sexual acts with minor children.

The district court found the factual basis to be sufficient, accepted Owen's no contest pleas, and adjudged him guilty of the offenses in the amended information. The court then ordered a presentence investigation report (PSI) be completed and scheduled sentencing.

At the sentencing hearing in October 2024, Owen was sentenced to serve 15 to 20 years' incarceration on each of the five counts. All five sentences were ordered to run consecutive to one another and he was given 222 days' credit for time previously served. He now appeals.

## ASSIGNMENTS OF ERROR

Owen assigns, restated, the district court abused its discretion in imposing sentencing because (1) the judge's comments at sentencing would lead a reasonable person to question her impartiality and (2) the sentences are excessive.

## STANDARD OF REVIEW

A sentence imposed within the statutory limits will not be disturbed on appeal absent an abuse of discretion by the trial court. *State v. Miller*, 315 Neb. 951, 2 N.W.3d 345 (2024). An abuse of discretion takes place when the sentencing court's reasons or rulings are clearly untenable and unfairly deprive a litigant of a substantial right and a just result. *State v. Assad*, 317 Neb. 20, 8 N.W.3d 729 (2024).

## ANALYSIS

*Sentencing Judge Not Biased.*

Owen assigns the sentencing judge abused her discretion in sentencing him because her statements show she was biased against him. We disagree.

In evaluating a trial judge's alleged bias, the question is whether a reasonable person who knew the circumstances of the case would question the judge's impartiality under an objective standard of reasonableness, even though no actual bias or prejudice was shown. See *State v. Pattno*, 254 Neb. 733, 579 N.W.2d 503 (1998). If a judge's comments during sentencing could cause a reasonable person to question the impartiality of the judge, then the defendant has been deprived of due process and the judge has abused his or her discretion. *Id.*

Here, our ultimate determination is whether the trial judge abused her discretion by imposing a sentence that was based upon the judge's personal bias against Owen. We agree that

*Pattno, supra*, sets forth the governing standards to assess Owen's argument, but we disagree that application of those standards in this case requires that Owen's sentences be vacated.

In *Pattno*, during the sentencing of a male defendant convicted of sexual assault of a male child, the district court read a biblical passage which condemned homosexuality. The Nebraska Supreme Court found the defendant's sentence was determined based on the judge's personal religious beliefs and thus vacated the sentence and remanded the cause for resentencing before a different judge. See *id*. It reasoned that, no Nebraska statute criminalizes sexual contact between consenting adults of the same gender; rather, the defendant had pled guilty to the crime of having sexual contact with a minor and thus the biblical passage was irrelevant to crime for which he was being sentenced. See *id*.

A defendant seeking to disqualify a judge on the basis of bias or prejudice bears the heavy burden of overcoming the presumption of judicial impartiality. *Id*. A judge may consider evidence pertaining to dismissed charges in deciding the appropriate sentence for remaining offenses. See *State v. Hurd*, 307 Neb. 393, 949 N.W.2d 339 (2020). The *Pattno* court stated:

> Statements . . . by a judge or remarks which suggest that the judge dislikes the crimes committed by a defendant do not necessarily evidence improper bias or prejudice. . . . However, courts are well advised to rely upon the statutory guidelines for imposing sentences. Reliance upon irrelevant material, such as the court's own religious beliefs, could convince a reasonable person that a court was biased or prejudiced.

254 Neb. at 742, 579 N.W.2d at 509 (citations omitted).

However, a sentencing judge has broad discretion as to the source and type of information, including personal observations, which may be used as assistance in determining the kind and extent of the punishment to be imposed. See *id*. The latitude allowed a sentencing judge at a presentence hearing to determine the nature and length of punishment is almost without limitation as long as it is relevant to the issue. See *Hurd, supra* (quoting *State v. Rapp*, 184 Neb. 156, 165 N.W.2d 715 (1969)).

In the present case, Owen takes issue with the judge stating she would prefer to have him appear by video during sentencing, referencing a victim impact statement despite the charges related to this victim having been dismissed and appearing to have been filed in another county, stating that the victims would have to live with his offenses for the rest of their lives, and stating that the judge "wanted to vomit" when thinking about his offenses. Brief for appellant at 8. Owen contends, in view of the "totality of the circumstances," these statements would lead a reasonable person to believe the sentences imposed were based on the judge's personal bias. *Id*.

The record reflects the following colloquy occurred at the plea hearing.

> THE COURT: [] I'm looking at sentencing on October 7 at 10:30 a.m. Does that work for you, [defense counsel]?
>
> [Defense Counsel]: It does, Your Honor. And I will be present in person for that hearing.
>
> THE COURT: I'd prefer to have [Owen] on video; so [], I'll be in touch with you on where I would like you to be, if that works for you.

The record also shows that, at the sentencing hearing, the judge stated, "And when I think about this case, quite frankly, I want to vomit. The material that I read was some of the most disturbing material I have ever been around." Also, the judge referenced a victim impact statement prepared by K.B. The judge stated this statement showed K.B. was traumatized and struggled to trust other people because of Owen's actions, and that his crime has caused her to feel a lot of "guilt and shame." K.B. struggled in school, had nightmares and a hard time trusting men, and was nervous around adults. The judge also stated that K.B. "along with numerous other children victims who will remain unknown, will live with these offenses for the rest of their lives." The record discloses the judge was referencing the unknown children depicted in the pornography possessed by Owens.

Contrary to *Pattno*, there is no indication from the record before us that Owen's sentences were imposed in reliance upon "irrelevant material." such as the judge's personal beliefs. See *State v. Pattno*, 254 Neb. 733, 579 N.W.2d 503 (1998). First, Owen offers us no explanation as to why his in-person appearance at sentencing would be necessary, and we see no reason why it would be considering the record before us shows he attended the plea hearing virtually. We also note he was incarcerated in the Lincoln County detention center in North Platte, Nebraska, at the time of both hearings and that his in-person appearance in Bridgeport, Nebraska, would have required the State to facilitate and fund his transportation. A reasonable person could conclude the judge's preference that Owen appear virtually at sentencing was based on the fact that Owen's in-person participation would be unnecessary and financially burdensome, rather than based on her personal bias.

Moreover, although the judge's statements at the sentencing hearing that she wanted to "vomit" and the material was "disturbing" may have suggested she disliked the crimes committed by Owen, relying on *Pattno, supra*, the statement still does not necessarily evidence improper bias or prejudice. Rather, the record supports that the facts of these offenses involved the abuse and exploitation of various children and were extremely disturbing. The judge was not expressing bias or prejudice because these considerations would go to the sentencing factor of "nature of the offense," which a sentencing judge is required to consider in imposing sentencing. See *State v. King*, 316 Neb. 991, 7 N.W.3d 884 (2024).

Moreover, although Owen argues the statements pertaining to the victim impact statement regarding the effect of the crimes on the children involved show the sentencing judge was bias, we find these statements reflect the judge's proper consideration of evidence in determining the kind and extent of punishment to impose. See *State v. Hurd*, 307 Neb. 393, 949 N.W.2d 339 (2020) (trial judge has broad discretion in source and type of evidence he may use in determining kind and extent of punishment to be imposed within statutory limits, including evidence relevant to dismissed charges). We also note the judge explained her reasoning for the sentences in detail, including her consideration of statements made by the State and defense counsel at sentencing, the relevant statutory sentencing factors, and the PSI.

For these reasons, the judge's statements would not cause a reasonable person to believe she was biased or prejudiced against Owen in imposing his sentences.

*Sentence Imposed Not Excessive.*

Owen assigns the sentencing judge abused her discretion by imposing excessive sentences. We disagree.

- 4 -

Owen's convictions are punishable by a maximum of 20 years' imprisonment. See Neb. Rev. Stat. § 28-105 (Cum. Supp. 2024). His sentences of 15 to 20 years' imprisonment are within the statutory limits, which he does not dispute. Rather, Owen argues the sentences imposed are excessive because he has a limited criminal history, and the court was biased against him and relied on the victim impact statement in deciding sentencing.

We have explained the court's consideration of the victim impact statement was not improper, and we have resolved that Owen was unable to show the court was biased against him. As to his argument that he has a minimal criminal history, criminal history is but one factor considered by the court in its determination of sentencing. See *King, supra.*

Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *Id.* In determining a sentence to be imposed, relevant factors customarily considered and applied are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *Id*. The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id*.

The record before us shows the court explicitly stated at the sentencing hearing it had considered the remarks of Owen's attorney and the State, as well as the statutory factors including Owen's "age, [] mentality, [] education, [] social and cultural background, past criminal record, motivation for the offense, and the amount of violence involved in the commission of this offense."

The court recognized that Owen was 54 years old and had a high school education. Moreover, the PSI showed Owen had never been the victim of family violence, or physical, emotional, or sexual abuse, and that he had close and positive familial relationships.

The court also noted that, although Owen's criminal history was limited, he had a previous "sexual image conviction" from 2017 and, at the time of sentencing, he had pending charges for sexual assault of a child in another jurisdiction, which was committed while he was still on probation for the 2017 conviction. The PSI reveals Owen was sentenced to 5 years' probation in 2017 after having been convicted of charges related to taking naked photographs of his two adopted daughters.

Further, as previously mentioned, the court considered the nature of the offense. It stated at sentencing that despite having been previously convicted of violating his own adopted children, Owen decided to sexually abuse his niece. As a result of his actions, his electronic devices were confiscated and the "images that were on those were, quite frankly, atrocious." The PSI reveals 25 images and videos were found which depicted sexual exploitation and abuse of children predominantly between the ages of 2 and 4.

The court also noted that Owen did not appear to be remorseful for his actions. Rather, he stated in the PSI he was "upset with himself for being so careless." The court also acknowledged the PSI showed Owen scored in the "high" risk range for recidivism.

Based on the record before us, the court properly considered the relevant sentencing factors and did not abuse its discretion in imposing Owen's sentences.

## CONCLUSION

For the foregoing reasons, we affirm the order of the district court.

AFFIRMED.