IN THE NEBRASKA COURT OF APPEALS

MEMORANDUM OPINION AND JUDGMENT ON APPEAL
(Memorandum Web Opinion)

STATE V. SOUKUP

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

DUSTIN SOUKUP, APPELLANT.

Filed June 8, 2021.    No. A-20-822.

Appeal from the District Court for Dodge County: GEOFFREY C. HALL, Judge. Affirmed.

Chad J. Wythers, of Wythers Law, for appellant.

Douglas J. Peterson, Attorney General, and Matthew Lewis for appellee.

PIRTLE, Chief Judge, and ARTERBURN and WELCH, Judges.

ARTERBURN, Judge.

## INTRODUCTION

Dustin Soukup appeals from his plea-based convictions in the district court for Dodge County for third degree sexual assault of a child, child abuse, and two counts of procuring alcohol to a minor. On appeal, he alleges that the district court erred in failing to recuse itself after striking certain information from the presentence report and in imposing excessive sentences. For the reasons set forth herein, we affirm.

## STATEMENT OF FACTS

On August 21, 2019, the State filed an information charging Soukup with eight counts: two counts of first degree sexual assault of a child, in violation of Neb. Rev. Stat. § 28-319.01 (Reissue 2016), each a Class IB felony; two counts of child abuse, in violation of Neb. Rev. Stat. § 28-707 (Reissue 2016), each a Class IIIA felony; two counts of contributing to the delinquency of a minor, in violation of Neb. Rev. Stat. § 28-709 (Reissue 2016), each a Class I misdemeanor; and two

- 1 -

counts of procuring alcohol to a minor, in violation of Neb. Rev. Stat. § 53-180 (Cum. Supp. 2018), each a Class I misdemeanor. The charges in the original information involved three victims, M.R., A.H., and D.C. Soukup pled not guilty to the charges.

Subsequently, on July 31, 2020, the State filed an amended information which charged Soukup with only four counts: third degree sexual assault of a child, in violation of Neb Rev. Stat. § 28-320.01 (Reissue 2016), a Class IIIA felony; child abuse, a Class IIIA felony; and two counts of procuring alcohol to a minor, each a Class I misdemeanor. The State alleged one victim, M.R., for the charges of third degree sexual assault of a child and child abuse. No specific victim was alleged for the two counts of procuring alcohol to a minor.

A few days after the State filed its amended information, both Soukup and the State appeared before the district court and indicated that they had reached a plea agreement. Soukup agreed to plead no contest to the charges contained in the amended information. The parties agreed that a presentence investigation would be conducted. However, there was no agreement as to sentencing.

Prior to the district court accepting Soukup's no contest pleas, it explicitly advised him of the possible penalties for each of the charges in the amended information. The court also informed Soukup that "[e]ven if there's an agreement for me to run these sentences concurrent or together with each other, I do not have to follow that. I could stack each count one on top of the other." Soukup indicated his understanding of the possible penalties associated with his no contest pleas and the discretion available to the judge at sentencing.

The State provided a factual basis for Soukup's plea. According to that factual basis and to other information contained in our record, during the summer of 2018, law enforcement officials in Fremont, Nebraska, began investigating Soukup after receiving information that he had been having inappropriate and illegal interactions with minors. As a result of the investigation, law enforcement officers learned that Soukup had a pattern of contacting 14- and 15-year-old girls on social media platforms, lying about his age, and asking the girls to come to a party at his home.

Law enforcement discovered that Soukup had an inappropriate interaction with M.R., who had a date of birth in July 2003. Soukup knew M.R. because M.R. played softball with Soukup's daughter. Soukup had touched M.R.'s breasts and had subjected her to vaginal sexual intercourse. M.R. described Soukup assaulting her while he believed her to be asleep on his couch. She indicated that as she was lying on her stomach, she felt Soukup push her underwear aside and insert his fingers into her vagina. Then he took his fingers out and inserted his penis into her vagina. M.R. told law enforcement that during this encounter, she was shaking, crying, and whispering, "No." At the time of this interaction, M.R. was 14 years old and Soukup was 42 years old.

Law enforcement also learned that during the summer of 2018, Soukup had provided alcohol to minors on several occasions. Specifically, Soukup provided both M.R., and another female, A.H., who had a date of birth in November 2003, with alcohol during parties at his home.

Ultimately, the district court accepted Soukup's no contest pleas and adjudged him guilty of third degree sexual assault of a child, child abuse, and two counts of procuring alcohol to a minor. The court ordered Soukup to participate in a presentence investigation.

The presentence investigation report revealed that Soukup was 44 years old at the time of sentencing. He is a high school graduate who, prior to becoming incarcerated, was employed at the Omaha World Herald distributing newspapers and at a local fast food restaurant as a delivery

driver. Soukup has a daughter from a prior relationship who is the same age as the victim in this case. According to Soukup, he shares joint custody of his daughter with his ex-girlfriend. After his arrest for the current charges, Soukup engaged in two different dating relationships. Both of the women involved in a relationship with Soukup were 22 years old, more than 20 years younger than Soukup. Soukup admitted that he "feels more comfortable around younger people and does not interact as well with those of his own age."

Soukup has a minimal criminal history. Prior to the current offenses, he was found guilty of possessing an open alcohol container and having a noisy animal. He was fined for both convictions.

During the presentence investigation, Soukup declined to answer many questions about the specifics of his offenses. He did appear to accept some responsibility for his actions when he acknowledged that "he was the adult in the situation." He also admitted to touching one 15-year-old girl inappropriately over her clothing and to kissing her. However, Soukup denied having sexual intercourse with M.R. or any of the other young girls who would attend his parties. He claimed that the girls must have gotten upset with him and made up stories to tell law enforcement. Soukup also blamed other people for his circumstances and attempted to minimize his behavior by explaining that he drank more alcohol than usual during the summer of 2018, when these offenses were alleged to have occurred.

Soukup indicated he has spent time in therapy as a result of suffering from anxiety and agoraphobia. He began an out-patient program specific to sexual offenders in September 2020. By the time of his sentencing hearing, Soukup had attended four sessions of the outpatient program. In addition, in late August 2020, Soukup participated in a risk assessment for adults who sexually harm.

Testing conducted by the probation office revealed that Soukup posed a medium-low risk of reoffense. Another sex offender specific test revealed that Soukup posed a low risk for recidivism. Soukup indicated his willingness to comply with the terms of a probationary order. He indicated that being on probation would be better than being incarcerated.

The presentence report did not contain a victim impact statement from M.R. However, it did contain a victim impact statement from A.H., another 14-year-old girl who claimed to have been sexually assaulted by Soukup. In the original complaint filed against Soukup, the State had alleged that Soukup committed first degree sexual assault of a child and child abuse as to A.H. However, the allegations in the amended information, which Soukup ultimately pled no contest to, did not include any allegations as to A.H.

Prior to the sentencing hearing, Soukup filed a motion to strike or redact the victim impact statement authored by A.H. from the presentence report because she was not "statutorily defined as [a] victim." In the motion, Soukup also asked that any reference in the presentence report to other victims besides M.R. be stricken. Soukup asked that if the district court granted the motion to strike, that the court recuse itself so that another judge could sentence Soukup without having read any of the stricken information.

At the start of the sentencing hearing, the district court addressed Soukup's motion to strike. When the court asked the State whether it objected to the motion, the State indicated that it did not object. The court then sustained the motion because "the State does not oppose, or resist, or object." However, the district court denied Soukup's motion for recusal. The court stated: "I

will not recuse myself from this case. . . . [T]his court has the power to disregard information contained in the PSI that is not appropriate, not germane, not related to a fair sentence in this case." The court then proceeded to address an appropriate sentence for Soukup.

The State argued that Soukup should be sentenced to the maximum amount of incarceration for each conviction: "three years incarceration on Count I; three years incarceration on Count II; one year incarceration on Count III; and one year incarceration on Count IV, all to be served consecutive to each other." The State argued that Soukup was a danger to young females, particularly because he had failed to accept any responsibility for his actions.

To the contrary, Soukup's counsel argued in favor of a sentence of probation. Counsel explained:

I think [Soukup] is a fantastic candidate for Probation. I think without belaboring the point, all of these statutory factors that a Court should consider in determining whether or not an offender, or whether or not Mr. Soukup is eligible for Probation apply in this case. The only one that wouldn't, it seems to me, is the serious nature of the offense and whether or not a lesser sentence would depreciate the seriousness of the offense and promote disrespect for the law.

In addition to his counsel's statements to the court, Soukup apologized for his actions and indicated that he regrets his "bad decisions." Soukup also informed the district court that he was attending counseling and intends to "straighten [his] life out."

Prior to imposing Soukup's sentences, the district court made the following statement:

In reviewing the Presentence Investigation Report and the history that was provided, this Court finds and determines that this is despicable and deviant behavior. It appears to me that you were grooming and recruiting this victim. There was use of alcohol to attract and recruit the victim. Also, you lied about your age in an attempt to have contact with this victim. And, clearly, you caused harm to this minor child. And I hope that that child is able to overcome this conduct with help.

The district court sentenced Soukup to 3 years' imprisonment on his conviction for third degree sexual assault of a child; to 3 years' imprisonment on his conviction for child abuse; and to 1 year's imprisonment for each of his convictions for procuring alcohol to a minor. The court ordered that Soukup's sentences for third degree sexual assault of a child and child abuse were to be served concurrently. The sentences for Soukup's two convictions for procuring alcohol to a minor were also to be served concurrently. However, the concurrent sentences for third degree sexual assault of a child and child abuse were to be served consecutive to the concurrent sentences for the procuring alcohol to a minor convictions. As such, the district court sentenced Soukup to a total of 4 years' imprisonment.

Additionally, the court ordered that upon Soukup's release from incarceration, he is to serve 18 months of postrelease supervision. Soukup was also required to register as a sex offender.

Soukup appeals the district court's sentencing determination.

ASSIGNMENTS OF ERROR

On appeal, Soukup alleges that the district court erred in (1) failing to recuse itself prior to sentencing when it had reviewed information that was later struck from the presentence report and (2) imposing excessive sentences.

STANDARD OF REVIEW

A motion requesting a judge to recuse himself or herself on the ground of bias or prejudice is addressed to the discretion of the judge, and an order overruling such a motion will be affirmed on appeal unless the record establishes bias or prejudice as a matter of law. *McCullough v. McCullough*, 299 Neb. 719, 910 N.W.2d 515 (2018).

Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether the sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *State v. Dixon*, 286 Neb. 334, 837 N.W.2d 496 (2013).

ANALYSIS

*Motion for Recusal.*

In his brief on appeal, Soukup asserts that the district court erred in failing to grant his motion for recusal. Soukup asserts that because the district court reviewed the entirety of the presentence report, including the information concerning other victims besides M.R. which the court later struck from that report, that the court's impartiality was called into question. Upon our review, we conclude that the district court did not err in overruling Soukup's motion for recusal.

The Nebraska Supreme Court has explained that in order to demonstrate that a trial judge should have recused himself, the moving party must demonstrate that a reasonable person who knew the circumstances of the case would question the judge's impartiality under an objective standard of reasonableness, even though no actual bias or prejudice was shown. *State v. Collins*, 283 Neb. 854, 812 N.W.2d 285 (2012). In addition, a defendant seeking to disqualify a judge on the basis of bias or prejudice bears the heavy burden of overcoming the presumption of judicial impartiality. *Id*. Our review of the district court's sentencing determination reveals no bias or prejudice, nor is such bias or prejudice reasonably implied.

The fact that the district court had reviewed the information that it later struck from the presentence investigation report does not, by itself, indicate any bias or prejudice. First, the Supreme Court has stated:

> Absent extraordinary circumstances, in order to disqualify a judge based upon the appearance of impropriety, the bias and prejudice must stem from a nonjudicial source and not from what the judge learned from his or her prior involvement in the defendant's case or cases that concerned parties or witnesses in the defendant's case.

*State v. Thomas*, 268 Neb. 570, 581, 685 N.W.2d 69, 80 (2004). Clearly, the information contained in the presentence report, whether stricken or not, constitutes information from a judicial source. The statute outlining presentence investigations provides that the presentence investigation and report shall include any matters that the probation officer deems relevant. See Neb. Rev. Stat.

§ 29-2261(3) (Cum. Supp. 2018). Presentence reports have a particularly established role in the sentencing process. *State v. Galindo*, 278 Neb. 599, 774 N.W.2d 190 (2009). In fact, the Supreme Court has recognized that these reports are essential to a court's enlightened and just sentencing. *Id*.

In addition to all of the information in the presentence report being from a judicial source, there is nothing in the court's comments at the sentencing hearing which would indicate that it considered any of the information regarding other victims that it had stricken from the presentence report in rendering Soukup's sentence. Absent explicit evidence to the contrary, we presume that the district court disregarded irrelevant or inappropriate information when rendering its sentence. See *State v. Dillon*, 222 Neb. 131, 382 N.W.2d 353 (1986).

In his appellate brief, Soukup asserts that the district court's comments explicitly indicate that the judge considered the victim impact statement from A.H., which it later struck from the presentence report. Specifically, Soukup contends that the court referenced in its sentencing comments that Soukup had lied to the victim about his age in order to initiate a relationship with her. Soukup contends that while A.H.'s victim impact statement indicates that Soukup lied to her, that there is no information in the presentence report which indicates that Soukup similarly lied to M.R., the victim who was named in the State's charges. Soukup's assertion is simply incorrect. Our careful review of the presentence report reveals information that specifically indicates that Soukup lied to M.R. about his age. A friend of Soukup's who was present during Soukup's meetings with M.R. and other young girls told police during an interview that Soukup lied to all the girls, including M.R., about his age. M.R. apparently believed that Soukup was in his twenties, rather than in his forties. Such information supports the district court's sentencing comments regarding Soukup lying to M.R. about his age in order to initiate a relationship with her.

Even if there was some indication that the district court considered in its sentencing determination the information about other victims that it had stricken from the presentence report, we find such information to be admissible and properly considered for purposes of sentencing. A trial judge has broad discretion in the source and type of evidence he may use to assist him in determining the kind and extent of punishment to be imposed within the limits fixed by statute. *State v. Hurd*, 307 Neb. 393, 949 N.W.2d 339 (2020). Highly relevant, if not essential, to the determination of an appropriate sentence is the gaining of knowledge concerning the defendant's life, character, and previous conduct. *Id*. In gaining this information, the trial court may consider reports of probation officers, police reports, affidavits, and other information including his or her own observations of the defendant. *Id*. A presentence investigation has nothing to do with the issue of guilt. *Id*. The rules governing due process with respect to the admissibility of evidence are not the same in a presentence hearing as in a trial in which guilt or innocence is the issue. *Id*. The latitude allowed a sentencing judge at a presentence hearing to determine the nature and length of punishment, other than in recidivist cases, is almost without limitation as long as it is relevant to the issue. *Id*. Thus, a sentencing court has wide latitude and discretion to impose any sentence within the statutory limits. *Id*.

Information regarding other young teenage girls who had inappropriate relationships or sexual contact with Soukup during the same time period as the charged offenses is certainly relevant to the district court's sentencing determination. Such information indicates that Soukup's behavior toward M.R. was not an isolated event. Instead, the information indicates a pattern of

behavior. Although the district court struck this information from the presentence report, presumably because the State did not pose any objection to Soukup's motion to strike, the court was not required to do so. And, we note that the district court was free to change its decision regarding the motion to strike prior to imposing any sentence.

Upon our review, we conclude that the district court did not abuse its discretion in overruling Soukup's motion for recusal. The court is presumed to have not considered any inappropriate information in rendering its sentence. Here, there is nothing to indicate that the court considered anything inappropriate in sentencing Soukup to a total of 4 years' imprisonment.

*Excessive Sentence.*

In his brief on appeal, Soukup argues that the district court erred in imposing excessive sentences. Specifically, Soukup argues that the district court failed to provide any justification or analysis to explain why a sentence of probation, instead of a period of incarceration, was not an appropriate sentence. Soukup asserts that had the court considered the mitigating factors present, that the court's sentence would have necessarily been more lenient.

When imposing a sentence, a sentencing judge should customarily consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *State v. Mora*, 298 Neb. 185, 903 N.W.2d 244 (2017). However, the sentencing court is not limited to any mathematically applied set of factors. *Id*. The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id*.

In asserting that his sentences are excessive, Soukup does not and cannot dispute that his sentences were within the pertinent statutory limits. As charged by the State, third degree sexual assault of a child and child abuse are Class IIIA felonies. See §§ 28-320.01 and 28-707. Class IIIA felonies are punishable by up to 3 years' imprisonment and 18 months of postrelease supervision. Neb. Rev. Stat. 28-105 (Supp. 2019). The district court sentenced Soukup to 3 years' imprisonment for each Class IIIA felony conviction and sentenced him to a total of 18 months of postrelease supervision. These sentences are within the statutory limits. Procuring alcohol to a minor is a Class I misdemeanor, punishable by up to 1 year's imprisonment. Neb. Rev. Stat. §§ 28-106 (Reissue 2016); § 53-180. The district court sentenced Soukup to 1 year's imprisonment on each of his convictions for procuring alcohol to a minor. These sentences are also within the statutory limits. Since the sentences were in part ordered to be served concurrently, the total amount of time imposed is half of the maximum possible sentence that could have been imposed.

Rather than challenging whether his sentences are within the statutory limits, Soukup alleges that the district court failed to explicitly consider the factors delineated in Neb. Rev. Stat. § 29-2260 (Reissue 2016), which would tend to support a sentence of probation rather than a sentence of incarceration, such as Soukup's minimal criminal history and his likelihood of responding positively to probation given his voluntary participation in counseling and treatment. Soukup appears to argue that the district court should have justified in greater detail its decision to impose a sentence of incarceration rather than a sentence of probation.

It is within the discretion of the trial court whether to impose probation or incarceration, and we will uphold the court's decision denying probation absent an abuse of discretion. *State v. Nollett*, 29 Neb. App. 282, 953 N.W.2d 57 (2020). Moreover, the Supreme Court has previously explained that § 29-2260 is a directive to the trial court as to the factors to be considered in imposing a sentence but that it contains no requirement that the court make specific findings. *State v. Garcia*, 302 Neb. 406, 923 N.W.2d 725 (2019). Therefore, the district court's alleged failure to explicitly analyze the § 29-2260 factors is not in itself error or grounds for reversal; however, upon our review, we do consider the applicable factors from § 29-2260 and from case law in reviewing whether the court abused its discretion in sentencing.

At the sentencing hearing in this case, the district court indicated that it had reviewed the presentence investigation report and had considered Soukup's history and circumstances. Presumably, then, the district court had considered any mitigating factors discussed within the presentence report, including, Soukup's efforts to seek treatment and counseling after pleading no contest to the amended charges and his minimal criminal history. However, the presentence report also includes other factors, such as, the serious nature of Soukup's behavior, which continued over a months long period, the effect his behavior had on M.R., and his failure to accept any real responsibility for his actions in his statements to the court, the probation officer, or the counselor who conducted the "Adults who Sexually Harm" risk assessment. In fact, in defense counsel's statements to the court during the sentencing hearing, counsel appears to have conceded that the serious nature of Soukup's crimes would weigh in favor of a period of incarceration rather than probation. In addition, counsel indicated that a sentence of probation may depreciate the seriousness of the offense and promote disrespect for the law.

Ultimately, the district court found that the seriousness of Soukup's offenses warranted a sentence which included both a period of imprisonment and a period of postrelease supervision. There is no indication that the court did not consider the mitigating factors discussed in the presentence report or that it considered any inappropriate sentencing factors. It is within the court's discretion to sentence a defendant to incarceration as opposed to probation, and the court adequately explained its reasoning for doing so. We therefore find no abuse of discretion in the sentences imposed.

CONCLUSION

We conclude that the district court did not err in overruling Soukup's motion for recusal or in any respect regarding the sentences imposed. We therefore affirm.

AFFIRMED.