IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. DENNIS

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

TALON M. DENNIS, APPELLANT.

Filed February 28, 2023.    Nos. A-22-305, A-22-306.

Appeals from the District Court for Lancaster County: SUSAN I. STRONG, Judge. Affirmed.

Joshua D. Barber, of Barber & Barber, P.C., L.L.O., for appellant.

Douglas J. Peterson, Attorney General, and Siobhan E. Duffy for appellee.

PIRTLE, Chief Judge, and ARTERBURN and WELCH, Judges.

ARTERBURN, Judge.

## I. INTRODUCTION

Talon M. Dennis appeals from his plea-based convictions in two separate cases in the district court for Lancaster County. The two cases are consolidated on appeal. Dennis asserts that the sentences imposed are excessive and that his trial counsel was ineffective in various respects. For the reasons that follow, we affirm Dennis' convictions and sentences.

## II. BACKGROUND

### 1. CASE NO. A-22-305 (CHILD ABUSE CASE)

On August 19, 2021, an information was filed, charging Dennis with one count of first degree sexual assault, a Class II felony, and with one count of first degree false imprisonment, a Class IIIA felony. Shortly thereafter, on September 9, the State filed an amended information, charging Dennis with one count of child abuse, a Class IIIA felony. This amended information indicated that Dennis would be subject to the requirements of the Sex Offender Registration Act

(SORA). SORA is a civil regulatory scheme intended by the Legislature to protect the public from the danger posed by sex offenders. *State v. Pauly*, 311 Neb. 418, 972 N.W.2d 907 (2022). Generally, SORA requires individuals that plead guilty to or are convicted of certain enumerated offenses to register with the county sheriff in the counties where they reside, work, and attend school. *Id*.

According to the factual basis provided by the State and information contained in the presentence investigation report (PSR), Dennis' charges in the child abuse case stemmed from his involvement with J.K. in May 2021. J.K., who was 18 years old and born in April 2003, reported to law enforcement that she contacted Dennis over social media on May 14, 2021. At this time, Dennis invited J.K. to come to the apartment where he was staying in Lincoln, Nebraska. When J.K. arrived, Dennis indicated that some of his friends were also going to come to the apartment. He asked J.K. if she was a "snitch." J.K. told law enforcement that the people at the apartment began partaking in illegal drugs and that she observed many of those people to be in possession of handguns. When J.K. asked to leave, the primary resident of the apartment, Ricky Ossler, told her that she had seen too much and could no longer leave. Ossler pressured J.K. into also engaging in drug use. He told J.K. that she would now be watching his children, cooking, and cleaning the apartment. In exchange for her work, he would take care of her.

J.K. remained at the apartment. On May 16, 2022, J.K. went with Dennis and two other individuals to a different apartment. J.K. was provided alcohol and began to feel "highly intoxicated." Once they got to the other apartment, J.K. reported that she was thrown against a wall and multiple people had sexual intercourse with her against her will. When J.K. would try to get up, she was pushed back down. The State indicated to the court that there was a partial video recording of this interaction between J.K., Dennis, and two other individuals.

J.K. continued to stay at the first apartment with Ossler and Dennis through May 21, 2022. J.K. indicated that during that time period, both Ossler and Dennis sexually assaulted her. On May 21, when Ossler and Dennis both left the apartment, J.K. packed her belongings and fled the apartment on foot.

Dennis was interviewed by law enforcement. He admitted to having consensual sexual intercourse with J.K. He also admitted to being present at the other apartment on May 16, 2021, when J.K. was sexually assaulted by multiple people. However, he denied having sexual intercourse with J.K. on this date.

2. CASE NO. A-22-306 (GUN CASE)

On December 1, 2021, an information was filed charging Dennis with possession of a firearm by a prohibited person, a Class ID felony. According to the factual basis provided by the State, the charge stems from law enforcement's further investigation of J.K.'s claims of sexual assault, during which, credible evidence of Dennis' possession of a gun was discovered.

In June 2021, during law enforcement's investigation of J.K.'s claims of sexual assault, officers obtained photographs, videos, and messages from a certain social media account attributed to Dennis. Numerous still images and videos from this account showed Dennis in possession of a "black Glock pistol with an extended magazine and flashlight attachment" during the time period from May 5 to May 12, 2021. Dennis has previously been convicted of a domestic assault which prohibits him from legally owning a firearm.

### 3. PLEA HEARING

A combined plea hearing was held on February 17, 2022. As part of a global plea agreement, the State filed a second amended information in the child abuse case, which again charged Dennis with one count of child abuse, a Class IIIA felony. However, unlike the first amended information, this information alleged only "the subsections that do not require SORA." And, as such, Dennis was no longer subject to the requirements of SORA. Also as part of the plea agreement, the State filed an amended information in the gun case, which charged Dennis with carrying a concealed weapon, a Class I misdemeanor. In exchange for the State's reduction of charges in both cases, Dennis agreed to plead no contest to the amended charges.

The district court found beyond a reasonable doubt that Dennis understood the nature of the charges and possible sentences; that his pleas were made freely, knowingly, intelligently, and voluntarily; and that the factual bases were sufficient to support Dennis' pleas. The court accepted Dennis' pleas of no contest to child abuse and carrying a concealed weapon and ordered the PSR be prepared.

### 4. SENTENCING HEARING

A combined sentencing hearing was held on March 24, 2022. At the hearing, defense counsel expressed its concern to the district court about certain information contained in the PSR. In particular, counsel indicated to the court that the PSR appeared to treat Dennis as a sex offender, when his actual conviction for child abuse did not constitute a sexual offense. Counsel went on to advocate in favor of a sentence of probation for Dennis. Counsel pointed to the strong support system Dennis had in his adoptive parents and asserted that Dennis' criminal history was not "as substantial as it seems."

Dennis spoke on his own behalf and indicated to the district court that he accepted full responsibility for his actions. He requested that the court impose a sentence of probation and promised that if sentenced as such, he would follow the probationary order "without any problems and successfully complete [it]."

In its comments to the district court, the State asked that Dennis be sentenced to a period of incarceration and that his sentences for child abuse and carrying a concealed weapon be served consecutively to one another. The State indicated its concern that Dennis had not accepted full responsibility for his actions and that he was not taking his convictions seriously.

Ultimately, the court found that Dennis was not an appropriate candidate for probation because of his criminal history and because of the nature of the circumstances surrounding his current convictions. The court sentenced Dennis to 36 months' imprisonment on his conviction for child abuse. In addition, upon his release, he was sentenced to a term of post-release supervision for 18 months. The court sentenced Dennis to 365 days' in jail on his conviction for carrying a concealed weapon. Such sentence was ordered to be served consecutively to his sentence of imprisonment in the child abuse case.

### III. ASSIGNMENTS OF ERROR

In both the child abuse case and the gun case, Dennis asserts that the district court imposed excessive sentences and that his trial counsel provided ineffective assistance. Specifically, as to his assertions of ineffective assistance of counsel in both cases, Dennis claims that trial counsel

failed to (1) attempt to schedule his trials such that his charge for felony child abuse could be tried prior to his gun charge and (2) object to information in the PSR which pertained to sex offenders, when Dennis was not convicted of a sex-related offense. In the child abuse case, Dennis additionally asserts that his trial counsel was ineffective in failing to request that the State accept a plea agreement which included only misdemeanor charges and in the handling of video evidence obtained by law enforcement. Dennis also asserts that the cumulative effect of trial counsel's deficient performance in each case prejudiced him.

## IV. STANDARD OF REVIEW

Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether the sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *State v. Dixon*, 286 Neb. 334, 837 N.W.2d 496 (2013).

Whether a claim of ineffective assistance of trial counsel can be determined on direct appeal presents a question of law, which turns upon the sufficiency of the record to address the claim without an evidentiary hearing or whether the claim rests solely on the interpretation of a statute or constitutional requirement. *State v. Lowman*, 308 Neb. 482, 954 N.W.2d 905 (2021). In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance. *Id*.

## V. ANALYSIS

### 1. EXCESSIVE SENTENCE

Dennis asserts that the district court imposed an excessive sentence in each of his two cases because the court considered improper evidence contained in the PSR. Specifically, Dennis asserts that when imposing his sentences, the district court relied heavily on sex offender specific information contained within the PSR, even though Dennis was not actually convicted of a sexually-based offense. Dennis asserts that this court should vacate his sentences and remand both cases "with directions that the PSR be corrected to exclude those portions which only pertain to sex offenders, and that the [district court] disregard any such portions for purposes of sentencing." Brief for appellant in A-22-305 at 20. Upon our review, we find no abuse of discretion in the district court's sentencing determinations.

The first step in analyzing whether sentences are excessive is to examine the statutory limits for each offense. *State v. Starks*, 308 Neb. 527, 955 N.W.2d 313 (2021). An appellate court will not disturb a sentence imposed within the statutory limits unless the trial court abused its discretion. *State v. Wilkinson*, 293 Neb. 876, 881 N.W.2d 850 (2016). Dennis was convicted of child abuse, a Class IIIA felony. Class IIIA felonies are punishable by a maximum of three years' imprisonment and 18 months of post-release supervision. Neb. Rev. Stat. § 28-105 (Cum. Supp. 2020). The district court sentenced Dennis to 36 months' imprisonment and 18 months of post-release supervision. While this is the maximum sentence permitted for a Class IIIA felony, it is still within the statutory limits. Dennis was also convicted of carrying a concealed weapon, a Class I misdemeanor. A Class I misdemeanor is punishable by up to one year in jail. Neb. Rev.

Stat. § 28-106 (Reissue 2016). The district court sentenced Dennis to 365 days in jail. Again, even though this is the maximum sentence permitted for a Class I misdemeanor, it is still within the statutory limits.

Because each of the sentences is within statutory limits, we review the district court's sentences for an abuse of discretion. In reviewing whether an abuse of discretion occurred during sentencing, an appellate court determines whether the sentencing court considered and applied the relevant factors and any applicable legal principles in determining the sentence to be imposed. *State v. Starks, supra.* Relevant factors in that analysis may include the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *Id.* The appropriateness of a sentence is necessarily a subjective judgment that includes the sentencing judge's observation of the defendant's demeanor and attitude and all of the facts and circumstances surrounding the defendant's life. *Id.*

The district court ordered Dennis to participate in a PSR prior to sentencing. That PSR indicates that at the time of sentencing, Dennis was 23 years old. He did not graduate from high school and was generally unemployed at the time of his arrest for the current offense. Dennis described a difficult upbringing. He suffered from physical abuse at the hands of his biological family. As a result of this abuse, Dennis was placed in the foster care system when he was three years old. He was finally adopted when he was seven years old.

Dennis has a fairly significant criminal history, especially given his relatively young age. As a juvenile, Dennis was adjudicated after engaging in an assault on at least four occasions. As a result of these adjudications, he was placed at Boystown when he was 15 years old and in a group home at 17 years old. He repeatedly violated the terms of his juvenile probation orders. As an adult, Dennis has been convicted of assault; domestic assault; false reporting; stealing goods or money (less than $500); possession of marijuana; and possession of drug paraphernalia. He has previously been sentenced to a term in jail on two occasions.

Dennis admitted to regularly using alcohol and marijuana in the past. He did not believe that he had a "problem" with either substance, but he did admit that his drinking, in particular, has had a negative impact on his life. Dennis reported that his mental health is currently well-managed, however, he does have multiple mental health diagnoses, including, PTSD, depression, Fetal Alcohol Syndrome, Oppositional Defiance Disorder, Borderline Intellectual Functioning, and ADHD. Dennis did not believe that he has a problem controlling his anger, but "his criminal history and self-reports all indicate that [he] has an extensive history of fighting and assaultive behavior."

Testing conducted by the probation office revealed that Dennis scored in the very high risk range for re-offense. The probation office also conducted a sex-offender specific assessment on Dennis which revealed that he scored in the moderate-low risk range for re-offense. The probation office also included a detailed sexual history for Dennis in the PSR.

During his presentence interview, Dennis acknowledged that he was guilty of the gun charge but maintained that he was innocent of the child abuse charge. Dennis indicated that the victim had lied about what had happened to her: "He said that the victim was not held hostage, the sex [was] consensual, and that she agreed to a video being taken." Dennis explained that he entered into the plea agreement only because it would reduce his gun charge. Dennis believed that a

sentence of probation would be appropriate and he indicated that such a sentence would help him "get [] back on track." Dennis identified his adoptive family as an extremely supportive presence in his life.

In his briefs on appeal, Dennis asserts that the district court abused its discretion in imposing excessive sentences in both of his cases because the PSR included information "specific to sex offenders" when he was not convicted of a sexual offense. Brief for appellant in A-22-305 at 20. Dennis further asserts that such information had a "drastic impact" on the court's sentencing determinations. *Id*. Upon our review, we find no abuse of discretion in the district court's sentencing determination.

At the sentencing hearing, while the district court indicated that it had reviewed the PSR, it did not specifically reference any of the sex-offender specific testing when discussing its sentencing determinations. The court did note that the facts surrounding Dennis' child abuse charge "were particularly egregious," but a review of the circumstances surrounding the conviction is a proper consideration for sentencing. Notably, when the district court imposed conditions for Dennis' post-release supervision, none of those conditions were indicative of the court's belief that Dennis was convicted of an offense with a sexual nature. Therefore, it does not appear that the court was fixated solely on the information related to sexual abuse of the victim in this case.

Finally, we note that the sentencing court has broad discretion as to the source and type of evidence and information which may be used in determining the kind and extent of the punishment to be imposed, and evidence may be presented as to any matter that the court deems relevant to the sentence. See *State v. Nollett*, 29 Neb. App. 282, 953 N.W.2d 57 (2020). Given the circumstances surrounding Dennis' child abuse charge, we do not find error in the information included within the PSR. The amended information to which Dennis pled no contest alleged in part that he knowingly and intentionally caused or permitted J.K., a minor child, to be placed in a situation that endangered her life or physical or mental health. Certainly, evidence that Dennis sexually assaulted J.K. and permitted others to do the same supports a finding that he committed child abuse in the manner alleged in the amended information, particularly when considered in conjunction with the remainder of the evidence recounted in the factual basis and PSR.

Upon our review, we cannot say that the district court abused its discretion in sentencing Dennis in either case. The sentences were within the statutory limits and, given the circumstances surrounding Dennis' convictions and his criminal history, the sentences were not excessive or inappropriate.

### 2. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

Dennis next assigns in his briefs on appeal, through new counsel, that his trial counsel was ineffective. When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record. *State v. Lowman*, 308 Neb. 482, 954 N.W.2d 905 (2021). Otherwise the issue will be procedurally barred. *Id*. The voluntary entry of a guilty plea or a plea of no contest waives every defense to a charge, except for the defenses of insufficiency of the indictment, information, or complaint; ineffective assistance of counsel; and lack of jurisdiction. *State v. Blaha*, 303 Neb. 415, 929 N.W.2d 494 (2019). Thus, when a defendant

pleads guilty or no contest, he or she is limited to challenging whether the plea was understandingly and voluntarily made and whether it was the result of ineffective assistance of counsel. *Id*.

The fact that an ineffective assistance of counsel claim is raised on direct appeal does not necessarily mean that it can be resolved on direct appeal. *Id*. The determining factor is whether the record is sufficient to adequately review the question. *Id*. The record is sufficient if it establishes either that trial counsel's performance was not deficient, that the appellant will not be able to establish prejudice, or that trial counsel's actions could not be justified as part of any plausible trial strategy. *Id*.

In general, to prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that the deficient performance actually prejudiced the defendant's defense. *State v. Lowman, supra*. When a conviction is based upon a guilty or no contest plea, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading guilty. *State v. Blaha, supra*. When the claim is raised in a direct appeal the appellant is not required to allege prejudice; however, an appellant must make specific allegations of the conduct that he or she claims constitutes deficient performance by trial counsel. *State v. Figures*, 308 Neb. 801, 957 N.W.2d 161 (2021).

The entire analysis of a claim of ineffective assistance of counsel should be viewed with a strong presumption that counsel's actions were reasonable, and trial counsel is afforded due deference to formulate trial strategy and tactics. *Id*. An appellate court will not second-guess trial counsel's reasonable strategic tactics when reviewing claims of ineffective assistance of counsel. *State v. Lowman, supra*.

(a) Failure to Request Specific Scheduling of Trials

In both the child abuse case and the gun case, Dennis asserts that his trial counsel provided ineffective assistance by failing to request that the trials in Dennis' cases be scheduled such that the trial in the child abuse case would occur prior to the trial in the gun case. Dennis explains in his belief that he would have been acquitted of the charges in the child abuse case because his defense was "strong." Brief for appellant in A-22-306 at 12. And, had he been acquitted, "There is [] a reasonable probability that he would have [] been given a plea offer for a less serious charge in the gun case." *Id*. Dennis asserts that had the trials been scheduled according to his instructions, that he would not have been forced to enter into the global plea agreement.

Upon our review, we conclude that even if Dennis could show that his counsel's performance in scheduling the trials in the two cases was deficient, he cannot demonstrate any prejudice from counsel's actions. First, we note that Dennis' assertions that he would have been acquitted of the child abuse charge at a trial and that this acquittal would have led to a favorable plea agreement in the gun case are wholly speculative. The Nebraska Supreme Court has previously indicated that appellate courts will not presume prejudice based on mere speculation. *State v. Sandoval*, 280 Neb. 309, 788 N.W.2d 172 (2010). Moreover, we note that Dennis received a very favorable plea agreement in each case by entering into a global agreement. His gun charge was amended from a Class ID felony to a Class I misdemeanor. Dennis simply cannot demonstrate

that he would have received a more favorable outcome in the gun case had he first gone to trial in the child abuse case. And, similarly, Dennis cannot show that he would have been acquitted of the child abuse charge had he gone to trial. As we will discuss more thoroughly below, the facts presented by the State in its factual basis support the State's allegation that he was guilty of felony child abuse. Because Dennis cannot show prejudice, his claim of ineffective assistance of counsel in this regard must fail.

(b) Failure to Object to Evidence in PSR

In both cases, Dennis alleges that his trial counsel was ineffective in failing to object to those portions of the PSR which were applicable to sex offenders, when Dennis was not convicted of a sexual offense. Upon our review of the record, while we agree that at the sentencing hearing trial counsel did not explicitly object to the inclusion of such information in the PSR, counsel did indicate his concern to the district court that the PSR "appeared [to have been] prepared for a sex offender." Counsel then went on to discuss the potential impropriety of imposing any terms of probation or post-release supervision which were specifically applicable to sex offenders only.

In our discussion above, we explained that a sentencing court has broad discretion in the types of information it can consider in determining an appropriate sentence. See *State v. Nollett*, 29 Neb. App. 282, 953 N.W.2d 57 (2020). We also noted that, to the extent that the district court did not include sex offender specific terms in its post-release supervision order, the court was not fixated on the sexual aspects of the crime committed for which Dennis was sentenced. Rather, the court relied on the totality of the criminal conduct which included physical abuse, provision of alcohol and drugs to a minor, and sexual abuse. This conduct was considered in conjunction with Dennis' significant criminal history, social history, and other relevant factors.

Essentially, we conclude that Dennis' trial counsel did not provide ineffective assistance when he did not explicitly object to the inclusion of the sex offender specific information in the PSR. The information was not improperly included within the PSR given the district court's ability to consider any relevant information in making a sentencing determination. As such, had counsel objected, the objection would probably have been overruled. Counsel's decision to merely mention its concern to the district court constituted a reasonable trial strategy for addressing the sex offender specific information. Additionally, even if there had been deficient performance by trial counsel, Dennis cannot demonstrate any prejudice, as the court could properly consider such information in imposing Dennis' sentences.

(c) Failure to Suggest Plea Offer to State

In the child abuse case, Dennis alleges that his trial counsel provided ineffective assistance when counsel failed to make a plea offer to the State which included only a misdemeanor charge in the gun case and the child abuse case. Dennis alleges that he specifically asked counsel to talk to the State about such a plea agreement on two separate occasions. He believes that there is a reasonable probability that the State would have accepted such an agreement. Again, Dennis' assertion that had counsel offered such a plea agreement, that the State would have accepted it is based only on speculation. Such speculation does not support a finding of prejudice. See *State v. Sandoval*, 280 Neb. 309, 788 N.W.2d 172 (2010).

Moreover, the record from the plea hearing refutes Dennis' implicit suggestion that he was not satisfied with the plea agreement that was actually negotiated by his trial counsel. During the plea colloquy, the district court explicitly explained to Dennis that he was pleading no contest to a Class IIIA felony and to a Class I misdemeanor. Dennis indicated his understanding of the plea agreement and also indicated his satisfaction with his trial counsel, acknowledging his belief that counsel was competent and had adequately discussed the cases with him. Given Dennis' statements during the plea hearing, he cannot now assert that he should have gotten a better plea agreement than what was negotiated by his trial counsel. Dennis freely and voluntarily entered into the agreement without noting any dissatisfaction with his counsel's performance. This assertion of ineffective assistance of trial counsel has no merit.

(d) Handling of Video Evidence

In the child abuse case, Dennis raises multiple allegations of ineffective assistance of counsel related to video evidence which was discovered by law enforcement during its investigation. The PSR indicates that in examining data on Dennis' cellphone, law enforcement found multiple videos of the victim engaging in sexual acts. None of the actual videos are included in our record. However, reports authored by officers indicate that some of these videos depict Dennis having sexual intercourse with the victim on a brown leather couch. Other videos apparently depict the victim engaging in sexual acts with two males at the same time. In one such video, law enforcement identified Dennis as receiving fellatio from the victim while another male is having anal sexual intercourse with her. Dennis is believed to have recorded these videos. During Dennis' interview with law enforcement, he admitted to engaging in consensual sexual intercourse with the victim. He denied engaging in intercourse with her at the same time as anyone else. He did, however, admit to being in the same room while this was occurring between the victim and other individuals.

Contrary to law enforcement's reports in the PSR, in his brief on appeal, Dennis contends that any video evidence depicting the victim engaging in sexual contact with multiple individuals at the same time would definitively demonstrate that he did not participate in such acts. As such, Dennis believes the video evidence to be exculpatory in nature.

We now address Dennis' assertions of ineffective assistance of trial counsel related to this video evidence. Dennis first asserts that his trial counsel provided ineffective assistance when he did not file a motion to dismiss the child abuse case based upon the video evidence. Dennis contends that such evidence is exculpatory because it "affirmatively showed that Dennis did not participate" during the incident when multiple males were having sexual intercourse with the victim at the same time. Brief for appellant in A-22-305 at 15. Upon our review, we conclude that trial counsel did not provide ineffective assistance in this regard.

Dennis pled no contest to child abuse, a Class IIIA felony. As alleged in the second amended information, a person commits child abuse if he or she knowingly or intentionally causes or permits a minor child to be placed in a situation that endangers his or life or physical or mental health or causes or permits a minor child to be cruelly confined or cruelly punished. Neb. Rev. Stat. § 28-707 (Cum. Supp. 2022). Even if we accept Dennis' assertion that video evidence existed which demonstrated that he did not participate during one incident when multiple males were having sexual intercourse with the victim at the same time, other evidence presented in the State's

factual basis and in the PSR clearly supported his conviction for child abuse. Such evidence includes Dennis' admission that he was present when multiple males were having sexual contact with the victim and that he did not intervene; evidence that Dennis had sexual intercourse with the victim when she did not consent; evidence that Dennis provided alcohol and drugs to the victim; and evidence that Dennis and his friend kept the victim in their apartment against her will. Had defense counsel filed a motion to dismiss the child abuse charge, such motion would not have been successful given the evidence to support this charge. Defense counsel is not ineffective for failing to raise an argument that has no merit. *State v. Martinez*, 302 Neb. 526, 924 N.W.2d 295 (2019).

Dennis also asserts that his trial counsel was ineffective for failing to object to the State's characterization of the video evidence during its recitation of the factual basis and for failing to inform the district court that, contrary to the State's assertions, the video evidence was actually exculpatory. The State indicated in its recitation of the factual basis that there was a partial video recording of the incident when the victim was forced to have sexual intercourse with multiple individuals at the same time. The State indicated that such video depicts the victim, Dennis, and two other individuals. On appeal, Dennis asserts that his trial counsel should have affirmatively indicated to the court that the video did not, in fact, show him to be engaging in sexual acts with the victim along with the other individuals.

Dennis' claim of ineffective assistance of counsel is refuted by the record. First, we note that Dennis was given an opportunity to respond to the State's factual basis, but he chose not to make any comment. Dennis' failure to address the factual basis at that time constitutes a waiver of any further objection to the State's description of the circumstances surrounding the child abuse charge. See *State v. Ettleman*, 303 Neb. 581, 930 N.W.2d 538 (2019) (discussing waiver of objection to factual basis where defendant failed to object upon specific inquiry by trial court).

Furthermore, as we discussed above, Dennis' plea of no contest to child abuse was supported by ample evidence besides any possible video evidence. As such, even if Dennis' assertions about the video evidence being exculpatory was true, any objection raised by defense counsel regarding the State's characterization of the video evidence would not have changed the result of the plea hearing. Other information contained within the State's factual basis supported Dennis' plea of no contest to felony child abuse.

Dennis next asserts that trial counsel was ineffective for failing to properly investigate, examine, and review with Dennis not only the video evidence of the alleged sexual assaults, but also video of the victim's statement to law enforcement. Specifically, Dennis argues, "[C]ounsel did not properly investigate those two videos, did not show Dennis the videos, and did not discuss the videos with Dennis after showing Dennis the videos." Brief for appellant in A-22-305 at 16. As a part of this argument, Dennis asserts that counsel should not have advised him to accept the plea deal offered by the State prior to counsel fully reviewing the videos.

We find that our record on appeal is insufficient to address these claims of ineffective assistance of trial counsel. Our record does not include any information regarding counsel's review of the videos at issue nor does it include information regarding counsel's discussions with Dennis about these videos.

(e) Cumulative Effect of Trial Counsel's Errors

Finally, Dennis asserts in both of his cases that the cumulative effect of his trial counsel's ineffective assistance prejudiced him in such a manner that he is entitled to new proceedings. The doctrine of cumulative error does not support Dennis' argument. The majority of his claims of ineffective assistance of counsel are without merit. The remaining assignments of error, for which the record is insufficient to address in this direct appeal, cannot form the basis for a claim of cumulative error.

## VI. CONCLUSION

For the reasons stated herein, we affirm Dennis' convictions and sentences. We find no abuse of discretion in the district court's sentencing determination. We also find no merit to Dennis' claims of ineffective assistance of trial counsel with the exception of his claim regarding counsel's failure to review, investigate, and discuss with Dennis certain video evidence obtained by law enforcement. We find our record insufficient to address such allegations.

AFFIRMED.